ORRICK, HERRINGTON & SUTCLIFFE LLP
Aravind Swaminathan (*pro hac vice*)
aswaminathan@orrick.com
Jassiem Moore (*pro hac vice*)
jassiem.moore@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: (206) 639-9157

Rebecca Harlow (SBN 281931)
rharlow@orrick.com
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5759

*Attorneys for Defendant*
CAPITAL ONE FINANCIAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VISHAL SHAH, GARY INGRAHAM, DEIA WILLIAMS, and DEVIN ROSE, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

CAPITAL ONE FINANCIAL CORPORATION, d/b/a CAPITAL ONE, d/b/a/ CAPITAL ONE, NATIONAL ASSOCIATION, d/b/a CAPITAL ONE, N.A., d/b/a CAPITAL ONE SHOPPING,

Defendant.

Case No. 3:24-cv-05985

**DEFENDANT CAPITAL ONE FINANCIAL CORPORATION'S RESPONSES TO QUESTIONS FOR HEARING**

Date: January 21, 2025
Time: 2:00 p.m.

Judge: Hon. Trina L. Thompson

In response to this Court's Order of January 16, 2025 re: Dkt. No. 24, Defendant Capital One Financial Corporation ("Capital One") submits as follows:

**1. The Motion to Dismiss states that Defendant's opt-out policies to targeting advertising follow state law but does not cite any authority. Please explain which state law applies here, citing the proper legal citation, and why the opt-out policies comply with the law.**

It is not clear from Plaintiffs' Complaint what law they believe Capital One violated in connection with its opt-out processes and procedures; the closest they come is an in-passing suggestion that the opt-outs are insufficient under the California Consumer Privacy Act (CCPA). *See* Compl. ¶ 294. To the extent that the CCPA applies to Capital One (as Plaintiffs suggest), Plaintiffs' own exhibits show that Capital One is in compliance.[1] That is because (as the CCPA's text makes clear) an opt-out process is sufficient "if the business allows consumers to opt out of the sale or sharing of their personal information and to limit the use of their sensitive personal information through an opt-out preference signal sent with the consumer's consent by a platform, technology, or mechanism, based on technical specifications set forth in regulations adopted pursuant to paragraph (19) of subdivision (a) of Section 1798.185 …." Cal. Civ. Code § 1798.135(b)(1). And here, as Plaintiffs' own exhibits demonstrate, Capital One does exactly that by "support[ing] Global Privacy Control (GPC), which is a setting that allows you to communicate your privacy preferences to websites and online services that you visit." ECF No. 1-2 at 8 (Privacy

[1] It is, of course, far from clear that the CCPA actually imposes any requirements as to the data that Plaintiffs allege to be at issue here, given that Plaintiffs admit that this data is covered by the federal Gramm-Leach-Bliley Act (GLBA), and the CCPA specifically exempts practices relating to such data from its coverage. *Compare* Cal. Civ. Code § 1798.145(e) (CCPA "shall not apply to personal information collected, processed, sold, or disclosed subject to the [GLBA], and implementing regulations"), *with* Compl. ¶ 1, nn. 1-2 (defining "Personal and Financial Information" with reference to GLBA and its regulations (citing 15 U.S.C. § 6809(4)(A) & 16 CFR § 313.3(o)(1))).

Policy); ECF No. 1-5 at 7 (CCPA Disclosure). Capital One also ensures that its "Online Services are designed to treat the browser as opted out and to stop sharing personal information" when they "detect a GPC signal from a browser." ECF No. 1-2 at 8 (Privacy Policy); ECF No. 1-5 at 7 (CCPA Disclosure); *see also* Cal. Code Regs. tit. 11, § 7025 (setting forth requirements, none of which Plaintiffs dispute that GPC satisfies).

**2. The Motion to Dismiss states that Defendant does not share information with fourth parties. Yet, Defendant's privacy policy states that third-party plugins may "collect information, such as information about the pages you visit, and share it with the company that created the plugin…" Please explain how this policy relates to whether Capital One shares information with fourth parties.**

The quoted section of the Privacy Policy discloses only that any information collected by "third-party plugins"—*i.e.*, plugins created by third parties, such as the Facebook "Like" button—may be shared with the "third parties" that created them. ECF No. 1-2 at 7. In short, it does not say that Capital One shares information with so-called "fourth parties." At the same time, neither do Plaintiffs. Plaintiffs' Complaint does not accuse *Capital One* of sharing information with fourth parties; instead the theory is that Capital One shared information with "Third Parties" who in turn "disclosed [it] to [unnamed] fourth parties." Compl. ¶ 5. But Plaintiffs do not allege facts showing as much. As Capital One explained (at Mot. 7-8), Plaintiffs' allegations establish only that Capital One shared data with Third Parties like Meta and Google, not that Meta and Google in turn shared that data with anyone else. Compl. ¶ 48 ("Facebook does all of this by using the Meta Pixel to send 'events' to ***its*** server.") (emphasis added). The same is true of the Privacy Policy the Court quoted in the question—which says that third-party plugins may "collect information, such as information about the pages you visit, and share it with the company that created the plugin" (i.e., the "third party" whose plugin it is), not that any information is shared with fourth parties. ECF No. 1-2, at 7.

**3. The Motion to Dismiss states that failing to provide customers with opt out opportunities is not privately actionable under the CCPA. Please further explain this point and cite the relevant authority.**

The CCPA's private right of action does not extend to claims in connection with failing to provide customers with opt-out opportunities. While the CCPA imposes a multitude of substantive requirements, it makes only one of them privately enforceable. Specifically, the CCPA generally "calls for enforcement by the California Attorney General, allowing a private right of action only in the event of a security breach." *Delgado v. Meta Platforms, Inc.*, 718 F. Supp. 3d 1146, 1155 (N.D. Cal. 2024) (citing Cal. Civ. Code § 1798.150). That holding flows from the text of the statute which states that a private cause of action lies only if a plaintiff shows "unauthorized access and exfiltration, theft, or disclosure" of "nonencrypted and nonredacted personal information" "***as a result of the businesses' violation of the duty to implement and maintain reasonable security procedures and practices***" and "shall not be based on violations of any other section of this title." Cal. Civil Code §§ 1798.150 (a), (c) (emphasis added). Or, as the California Attorney General has put it: "You can only sue businesses under the CCPA if certain conditions are met," including that "the personal information must have been ***stolen in a data breach as a result of the business's failure to maintain reasonable security procedures and practices to protect it.***" California Attorney General, *California Consumer Privacy Act (CCPA)*, https://oag.ca.gov/privacy/ccpa (Mar. 13, 2024). Plaintiffs—rightly—do not contend that opt-out policies have anything to do with a data breach or reasonable security procedures. *See* ECF No. 35 at 7-8 (discussing opt-outs with no mention of breaches or security). Accordingly, a supposed deficiency in those policies is not privately actionable. So, even to the extent that Plaintiffs believe that Defendant does not comply with the CCPA's requirements on opt-outs—though Defendant does in fact comply, as noted above—that could not be the basis for a private action here.

Dated: January 17, 2025

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Rebecca Harlow*

Aravind Swaminathan (*pro hac vice*)
aswaminathan@orrick.com
Jassiem Moore (*pro hac vice*)
jassiem.moore@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: (206) 639-9157

Rebecca Harlow (SBN 281931)
rharlow@orrick.com
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700

*Attorneys for Defendant Capital One Financial Corporation*