Lesley E. Weaver, No. 191305
Anne K. Davis, No. 267909
Gregory S. Mullens, *pro hac vice* forthcoming
**BLEICHMAR FONTI & AULD, LLP**
1330 Broadway, Suite 630
Oakland, California 94612
Email: lweaver@bfalaw.com
　　　　adavis@bfalaw.com
　　　　gmullens@bfalaw.com

Natalie Lyons, No. 293026
Vess A. Miller, No. 278020
Lynn A. Toops, *pro hac vice*
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Email: nlyons@cohenandmalad.com
　　　　vmiller@cohenandmalad.com
　　　　ltoops@cohenandmalad.com

J. Gerard Stranch, IV, *pro hac vice*
Emily E. Schiller, *pro hac vice* forthcoming
**STRANCH JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Email: gstranch@stranchlaw.com
　　　　eschiller@stranchlaw.com

Samuel J. Strauss, *pro hac vice* forthcoming
Raina C. Borrelli, *pro hac vice* forthcoming
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Email: sam@straussborrelli.com
　　　　raina@straussborrelli.com

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| VISHAL SHAH, GARY INGRAHAM, DEIA WILLIAMS, and DEVINE ROSE, Individually, and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs<br><br>　　v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, d/b/a CAPITAL ONE, d/b/a CAPITAL ONE, NATIONAL ASSOCIATION, d/b/a CAPITAL ONE, N.A., d/b/a CAPITAL ONE SHOPPING,<br><br>　　　　Defendant. | Case No. 3:24-cv-05985-TLT<br><br>**PLAINTIFFS' RESPONSES TO QUESTIONS FOR HEARING**<br><br>Date: January 21, 2025<br>Time: 2:00 p.m.<br><br>Judge: Hon. Trina L. Thompson |

**QUESTION 2. Capital One installed third-party code on its website that sent Plaintiffs' personal and financial information to third parties in real-time.**

Plaintiffs start with Question 2 because Capital One must establish its data collection practice before it can establish that its actions fall within the scope of its disclosures or that Plaintiffs consented to the practice. *Calhoun v. Google, LLC*, 113 F.4th 1141, 1147 (9th Cir. 2024) (holding consent "is only effective if the person alleging harm consented 'to the particular conduct, or to substantially the same conduct' and if the alleged tortfeasor did not exceed the scope of that consent.") (internal citation omitted).

Capital One installed third-party code on its website that runs as if it is Capital One's own website code. ECF 1 at ¶¶ 1, 44. When a user visits Capital One's website, the third-party's code installs pieces of code ("tags") on the user's computer that act like computer viruses – they tell the customer's computer what to do and steal data about the user and their interactions on Capital One's website, including: employment and bank account information; citizenship status; user's eligibility, pre-approval, or credit card approval; identifying information like IP addresses and "cookies"; and browsing activity. *Id.* ¶¶ 41-42, 45, 47, 52-59, 60, 65-71, 187. The tags "instantaneously and surreptitiously duplicate communications" between the user and Capital One's website and "send them to the third-party" (like Facebook) that created the tag. *Id.* ¶¶ 42, 47, 64.

The code on Capital One's website thus allows third parties to steal personal information *directly* from the user's browser and Capital One's server in real-time. *Id.* ¶ 43. If a customer clicks a button, it instantaneously triggers the tags to begin transmitting user data. A user cannot detect, delete, or opt-out of the tags or their data transmission. *Id.* ¶¶ 43, 140-42. Tags enable third parties to use the stolen data to find customers, drive sales via targeted ads, and assess ad impact. *Id.* ¶ 49.

**QUESTION 1. The Online Privacy Policy does not disclose the extent of the collection or use of Plaintiffs' Personal Information.**

The Policy states: "We and ***our third-party providers*** may collect information about ***your activities*** on our Online Services and across different websites, mobile apps, and devices over time for targeted advertising purposes." ECF 1-2 at 7 (emphasis added). A "'reasonable' user … with the level of sophistication attributable to the general public," would not understand this vague disclosure to mean: (1) that Capital One may share the user's personal and financial information with third parties, nor (2) that Capital One shares such information with third parties regardless of whether the third party acts on Capital One's behalf. *Calhoun*, 113 F.4th at 1147.

*First*, Capital One's Online Privacy Policy states that information about a user's "activities" on the website may be shared but offers no explanation of what "activities" means. A reasonable user may understand some general information, like the fact that they visited a Capital One website, is shared with Capital One providers to service ads on Capital One's website. They would not, however, understand this vague disclosure to mean that Capital One shares all manner of their private and financial information—including credit card application information, employment information, and bank account information—with undisclosed third parties, whom in turn may share it with undisclosed fourth parties for marketing and sales purposes. ECF 1 at ¶ 47.

*Second*, the Policy's disclosure states that activity information may be shared with "our" (*i.e.*, Capital One's) "third-party providers," meaning providers that advertise ***for*** Capital One. ECF 1-2 at 7. Earlier language in the section clarifies: "[Capital One] and third-party providers ***acting on our behalf*** use online tracking technology to conduct . . . targeted advertising." *Id*. (emphasis added). The section further specifies that "***our*** advertising providers" may use Plaintiffs' information to advertise on non-Capital One websites, but only for "***Capital One*** ad[s]." *Id*. at 7 (emphasis added). The only reasonable interpretation of these disclosures is that information may

PLAINTIFFS' RESPONSES TO QUESTIONS FOR HEARING
Case No. 3:24-cv-05985
2

be shared with advertisers to promote **Capital One's** products—not that information is shared with unknown third and fourth parties to market third- and fourth-party products. ECF 1 at ¶¶ 47, 49, 118, 132. Because Capital One's sharing exceeds the scope of this provision, it cannot show that Plaintiffs consented to the disclosure of their personal information. *Calhoun*, 113 F.4th at 1147.

**QUESTION 3. Capital One's disclosure of financial information involves a property interest.**

This District repeatedly has found that plaintiffs have a property interest in their personal, financial, and online data sufficient to confer standing under the UCL. *E.g.*, *In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1024-25 (N.D. Cal. 2024) (collection and sharing of name, email addresses, income, tax filing status, tax refund amounts, and dependents' college scholarship amounts constitute injury to "present or future property interest"); *Brown v. Google LLC*, 2021 WL 6064009, at *2-3, *15 (N.D. Cal. Dec. 22, 2021) (collection and sale of data including IP addresses, browser history, and URL information "'diminished' Plaintiffs' 'future property interest'" under UCL) (citation omitted); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 613-14, 635-36 (N.D. Cal. 2021) (similar); *A.B. ex rel. v. Google LLC*, 737 F. Supp. 3d 869, 881-82 (N.D. Cal. 2024) (plaintiffs had property interest in data and UCL standing where collected data included device identifiers, location, app usage, in-app behavior, and cookies); *Stark v. Patreon, Inc.*, 635 F. Supp. 3d 841, 854 (N.D. Cal. 2022) (plaintiffs "lost property" when personal information was disclosed); *Kis v. Cognism Inc.*, 2024 WL 3924553, at *2 (N.D. Cal., Aug. 23, 2024) (plaintiff had property interest in name, contact information, job title, place of work, and location); *see also Griffith v. Tiktok, Inc.*, 697 F.Supp.3d 963, 967 (C.D. Cal. 2023) (recognizing "property interest" and UCL standing in data like user ID, email, IP address, browser histories, search queries, and screen resolution). Similarly, here, Plaintiffs identify "several ways to conceptualize the[ir] . . . injuries as injuries to money or property." *Meta Pixel*, 724 F. Supp. 3d at 1024. Defendant's motion fails.

| | | |
|---|---|---|
| 1 | Dated: January 20, 2025 | Respectfully submitted, |
| 2 | | *s/Natalie Lyons* |
| | | Natalie Lyons, No. 293026 |
| 3 | | Vess A. Miller, No. 278020 |
| | | Lynn A. Toops, *pro hac vice* |
| 4 | | COHEN & MALAD, LLP |
| | | One Indiana Square, Suite 1400 |
| 5 | | Indianapolis, Indiana 46204 |
| 6 | | (317) 636-6481 |
| | | nlyons@cohenandmalad.com |
| 7 | | vmiller@cohenandmalad.com |
| | | ltoops@cohenandmalad.com |
| 8 | | |
| 9 | | Lesley E. Weaver, No. 191305 |
| | | Anne K. Davis, No. 267909 |
| 10 | | Gregory S. Mullens* |
| | | BLEICHMAR FONTI & AULD, LLP |
| 11 | | 1330 Broadway, Suite 630 |
| | | Oakland, California 94612 |
| 12 | | (415) 445-4003 |
| 13 | | lweaver@bfalaw.com |
| | | adavis@bfalaw.com |
| 14 | | gmullens@bfalaw.com |
| 15 | | J. Gerard Stranch, IV** |
| | | Emily E. Schiller* |
| 16 | | STRANCH, JENNINGS & GARVEY, PLLC |
| 17 | | 223 Rosa L. Parks Avenue, Suite 200 |
| | | Nashville, Tennessee 37203 |
| 18 | | (615) 254-8801 |
| | | gstranch@stranchlaw.com |
| 19 | | eschiller@stranchlaw.com |
| 20 | | |
| | | Samuel J. Strauss* |
| 21 | | Raina C. Borrelli* |
| | | STRAUSS BORRELLI, PLLC |
| 22 | | 980 N. Michigan Avenue, Suite 1610 |
| 23 | | Chicago, Illinois 60611 |
| | | (872) 263-1100 |
| 24 | | sam@straussborrelli.com |
| | | raina@straussborrelli.com |
| 25 | | |
| 26 | | * *Pro hac vice* |
| | | ** To move for *pro hac vice* admission |
| 27 | | |

PLAINTIFFS' RESPONSES TO QUESTIONS FOR HEARING
Case No. 3:24-cv-05985

*Counsel for Plaintiffs and the Proposed Classes*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of January, 2025 the foregoing was filed electronically via the CM/ECF system, which will serve all counsel of record via electronic mail.

*s/Natalie Lyons*
Natalie Lyons