ORRICK, HERRINGTON & SUTCLIFFE LLP
Aravind Swaminathan (*pro hac vice*)
aswaminathan@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: (206) 639-9157

Rebecca Harlow (SBN 281931)
rharlow@orrick.com
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5759

*Attorneys for Defendant*
CAPITAL ONE FINANCIAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISHAL SHAH, GARY INGRAHAM, DEIA WILLIAMS, and DEVIN ROSE, individually, and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, d/b/a CAPITAL ONE, d/b/a/ CAPITAL ONE, NATIONAL ASSOCIATION, d/b/a CAPITAL ONE, N.A., d/b/a CAPITAL ONE SHOPPING<br><br>Defendant. | Case No. 3:24-cv-05985<br><br>**DEFENDANT CAPITAL ONE FINANCIAL CORPORATION'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Judge: Hon. Trina L. Thompson |

**TO THE CLERK OF COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that Defendant Capital One Financial Corporation (together with its defendant affiliates, "Capital One") hereby moves this Court for an order granting leave to file a motion for reconsideration of this Court's March 3, 2025 Order to the extent it denied Capital One's motion to dismiss Plaintiffs' claims for violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1), and the California Consumer Privacy Act, Cal. Civil Code § 1798.150.

This Motion is made pursuant to Local Civil Rule 7-9 on the ground that the March 3, 2025 Order failed to consider dispositive legal arguments presented in Capital One's motion to dismiss. This Motion is based on this Notice, the attached Memorandum of Points and Authorities, and all other supporting papers and documents on file with the Court, the record in this action, and such oral and documentary evidence as may be presented at any hearing.

Dated: May 19, 2025

ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ *Rebecca Harlow*

Aravind Swaminathan (*pro hac vice*)
aswaminathan@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: (206) 639-9157

Rebecca Harlow (SBN 281931)
rharlow@orrick.com
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700

*Attorneys for Defendant Capital One Financial Corporation*

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .................... ii

I. INTRODUCTION .................... 1

II. LEGAL STANDARD .................... 1

III. ARGUMENT .................... 2

A. The Order mistakenly overlooked Capital One's argument that its own consent to the alleged information sharing forecloses Plaintiffs' ECPA claim. .................... 2

B. The Order mistakenly declined to consider Capital One's argument that Plaintiffs cannot maintain a CCPA claim because they do not allege a lack of reasonable security procedures. .................... 4

IV. CONCLUSION .................... 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brown v. Google, LLC*,
525 F. Supp. 3d 1049 (N.D. Cal. 2021) .......... 3

*In re Google Inc. Gmail Litigation*,
2014 WL 1102660 (N.D. Cal. 2014) .......... 3

*In re Meta Pixel Healthcare Litigation*,
647 F. Supp. 3d 778 (N.D. Cal. 2022) .......... 2, 3

*Lakes v. Ubisoft, Inc.*,
2025 WL 1036639 (N.D. Cal. Apr. 2, 2025) .......... 1, 3

*Nienaber v. Overlake Hospital Medical Center*,
2025 WL 692097 (W.D. Wash. 2025) .......... 3

*Roberts v. Charlotte Mecklenburg Hospital Authority*,
2025 WL 880538 (W.D.N.C. 2025) .......... 4

*Williams v. TMC Health*,
2024 WL 4364150 (D. Ariz. 2024) .......... 3

**Statutes**

18 U.S.C. § 2511(2)(d) .......... 2

California Civil Code § 1798.130 .......... 4

California Civil Code § 1798.150 .......... 1, 4

**Rules**

N.D. Cal. Local Civil Rule 7-9 .......... 1, 2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs attempted to plead a sprawling class action against Capital One for practices that the company contends are not only routine, but also disclosed in its privacy notice and policies. In its March 3, 2025 Order (ECF No. 59) (the "Order") on Capital One's Motion to Dismiss (ECF No. 24) (the "Motion"), the Court dismissed most of Plaintiffs' claims. But it allowed several to proceed, including Plaintiffs' claims under the Electronic Communications Privacy Act ("ECPA") and California Consumer Privacy Act ("CCPA"). Order 25.

Capital One respectfully requests leave to file a narrow motion for reconsideration regarding the ECPA and CCPA claims because the Order overlooked two critical arguments in the Motion. First, the Order did not address Capital One's argument that the ECPA claim must be dismissed under that statute's one-party consent exemption because ***Capital One*** undisputedly consented to the data sharing at issue. Mot. 21-22. As confirmed in a recent decision by this Court in another case, Capital One's consent is not vitiated by the so-called crime-tort exception because Plaintiffs have alleged that the company acted only in the pursuit of economic gain, and so did not target Plaintiffs with a tortious or criminal "***purpose***." Mot. 22; *see Lakes v. Ubisoft, Inc.*, 2025 WL 1036639, at *6 (N.D. Cal. Apr. 2, 2025).

Second, the Order did not fully address Capital One's argument that Plaintiffs have no private right of action under CCPA because they have not alleged that the data sharing at issue resulted from any failure by Capital One "to implement and maintain reasonable security procedures and practices." Mot. 14 (quoting Cal. Civil Code §§ 1798.150(a)). While the Order concluded that Plaintiffs were not required to allege that security failings led to a "data breach," Order 13, Capital One's argument was broader—that the Complaint never alleges unreasonable security ***at all***, whether or not connected to a data breach.

## II. LEGAL STANDARD

Under Local Civil Rule 7-9, anytime "[b]efore the entry of a judgment," a "party may make a motion ... requesting that the Judge grant the party leave to file a motion for reconsideration of

any interlocutory order." Leave to file such a motion is properly granted when the applicant makes any of a number of showings including, as relevant here, "[a] manifest failure by the Court to consider ... dispositive legal arguments which were presented to the Court before such interlocutory order." L.R. Civil 7-9(b).

## III. <u>ARGUMENT</u>

### A. The Order mistakenly overlooked Capital One's argument that its own consent to the alleged information sharing forecloses Plaintiffs' ECPA claim.

Capital One respectfully requests that the Court reconsider its decision not to dismiss Plaintiffs' ECPA claim. As the Order noted, ECPA has a "one-party consent exemption." Order 19. Accordingly, there can be no liability if ***any*** "party to the communication" consents to its interception. *Id.* (quoting 18 U.S.C. § 2511(2)(d)). The Motion pointed out that ***Capital One***, at minimum, consented to the alleged sharing here. Mot. 21-22; *see, e.g.*, Compl. ¶¶ 42, 150, 159, 167, 173, 370. It also explained that the crime-tort exception to one-party consent applies only where the consenting party acts for the "***purpose***" of committing an independent crime or tort. Mot. 22. The Motion contended that (just as in this Court's subsequent *Lakes* decision) the crime-tort exception is inapplicable as a matter of law because Plaintiffs allege that Capital One's purpose was to "mak[e] money," not to "injure" anyone. *Id.* (quoting *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 797 (N.D. Cal. 2022)).

The Order overlooked these arguments. It first ruled that ECPA's "one-party consent exemption" does not apply "because the issue of whether ***Plaintiffs*** consented to Defendant's conduct is at the center of the dispute" and involves "a factual determination" that "cannot be determined on the pleadings." Order 20 (emphasis added). But the Motion's lead argument was that, under the one-party consent exemption, ***Capital One's*** consent alone was sufficient, regardless of whether Plaintiffs also agreed to the alleged sharing.

As an alternative basis for allowing the ECPA claim to proceed, the Order applied the crime-tort exception to the one-party consent exemption on the ground that "Defendant's actions are allegedly tortious." Order 19. That analysis overlooked the Motion's argument that Plaintiffs were required to make a ***separate*** showing to invoke the crime-tort exception—namely, that Capital

One acted with an independent "***purpose***" to "'injure plaintiffs tortiously.'" Mot. 22 (quoting *Meta Pixel*, 647 F. Supp. 3d at 797). As this Court emphasized in *Lakes*, "Plaintiffs cannot assert the crime-tort exception simply by arguing that Defendant's conduct was illegal or tortious." 2025 WL 1036639, at *7. Plaintiffs must additionally "allege that either the 'primary motivation or a determining factor in the interceptor's actions has been to injure plaintiffs tortiously.'" *Id.* (quoting *Brown v. Google, LLC*, 525 F. Supp. 3d 1049, 1067 (N.D. Cal. 2021)). Where the defendant allegedly acts for some other reason—such as "to make money"—and merely happens to injure plaintiffs tortiously in pursuit of that other goal, the crime-tort exception does not apply. *Id.*; *see Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d at 797; *In re Google Inc. Gmail Litig.*, 2014 WL 1102660, at *18 (N.D. Cal. 2014) (Koh, J.) ("[T]he tort or crime exception cannot apply where the interceptor's 'purpose has plainly not been to perpetuate torts on millions of Internet users, but to make money.'").

As detailed in the Motion, the crime-tort exception is inapplicable here for precisely that reason. Mot. 21-22. Plaintiffs allege that Capital One deployed pixels on its website "'to obtain valuable personal data about visitors to its website, to increase its own profits through sophisticated and targeted advertising, and to improve its website analytics,'" or for other "marketing purposes." *Williams v. TMC Health*, 2024 WL 4364150, at *4 (D. Ariz. 2024); *see* Compl. ¶¶ 381-82 (alleging that Capital One "intentionally used the wire or electronic communications to increase its profit margins and save on marketing costs," and did so "specifically" for "financial gain"). Just as in *Lakes*, seeking that "economic benefit" does not constitute a criminal or tortious purpose. 2025 WL 1036639, at *7; *see Williams*, 2024 WL 4364150, at *4 (profit-seeking not a "criminal or tortious purpose"). The Order overlooked this argument, which courts have since continued to credit in similar cases. *See Nienaber v. Overlake Hosp. Med. Ctr.*, 2025 WL 692097, at *13 (W.D. Wash. 2025) (collecting cases, and observing that "a plaintiff must plead sufficient facts to support an inference that the offender intercepted the communication for the purpose of a tortious or criminal act that is ***independent*** of the intentional act of recording or interception itself'" (citation omitted))[1];

[1] This limitation makes abundant sense. If a plaintiff could simply point to the interception itself as a crime or tort sufficient to bar application of the one-party consent exemption, as it always could,

*see also Roberts v. Charlotte Mecklenburg Hosp. Auth.*, 2025 WL 880538, at *3 (W.D.N.C. 2025) (crime-tort exception inapplicable where privacy notice described purpose of pixel as to "help operate certain features of our Patient Portal and enhance the online experience for users").

**B. The Order mistakenly declined to consider Capital One's argument that Plaintiffs cannot maintain a CCPA claim because they do not allege a lack of reasonable security procedures.**

Capital One respectfully requests that the Court also reconsider its decision not to dismiss Plaintiffs' CCPA claim. The Motion explained that the CCPA creates a private right of action for only one particular type of violation, a failure to implement reasonably information security. Mot. 14 (citing Cal. Civil Code § 1798.150(c)). But the Complaint unequivocally fails to allege that sort of violation. *Id.* This case is about Capital One's purported decision to deploy third-party software without sufficient ***notice***, not any sort of ***security*** deficiency.

The Motion sought dismissal based on that categorical distinction. It explained that under the operative section of the CCPA, Cal. Civil Code § 1798.150 (titled "Personal Information Security Breaches"), the statute provides a limited private right of action in the case of "unauthorized access and exfiltration, theft, or disclosure" of "nonencrypted and nonredacted personal information" "***as a result of the businesses' violation of the duty to implement and maintain reasonable security procedures and practices***." Mot. 14 (quoting Cal. Civil Code § 1798.150(a), (c)) (emphasis added). Other types of violations—including a failure to meet the separate notice requirements set forth in Cal. Civil Code § 1798.130—are not actionable in private litigation. *See id.* CCPA leaves no doubt on that point, expressly clarifying that the private "cause of action established by [§ 1798.150] shall apply only to [§ 1798.150(a)] violations ... and shall not be based on violations of any other section of this title." Cal. Civil Code § 1798.150(c). The Motion explained that Plaintiffs' allegations fall on the wrong side of that line. The Complaint never alleges any form of "security" shortcoming—just purported failures of "notice" that Capital One shared

---

then the crime-tort exception would swallow the one-party consent exemption, which ***presupposes*** an interception of the plaintiff's communication. Here, Plaintiffs point to no act other than the recording of their data itself as a supposed "crime" or "tort;" to the contrary, they contend that "the disclosure itself constitute[d] a tort or a criminal act." ECF No. 35, at 22.

certain information with other parties, including an alleged lack of "opportunities" to "opt out" of the sharing. Mot. 14 (citing Compl. ¶¶ 292-96).

The Order did not address that argument. It focused exclusively on a distinct point: In its Motion, Capital One also argued (and, respectfully, maintains) that CCPA's private right of action under § 1798.150 exists only in the event of "Personal Information Security Breaches," which Plaintiffs have not pleaded here. Mot. 14 & n.8 (citing guidance from the California Department of Justice, which has clarified that private litigants "cannot sue businesses for most CCPA violations" and "can only sue a business under the CCPA if there is a data breach, and even then, only under limited circumstances"). The Court disagreed on that separate issue, concluding that CCPA's private right of action encompasses disclosures of data resulting from security failings, even in the absence of a "data breach." Order 13. In reaching that conclusion, however, the Court bypassed the Motion's lead argument—that even accepting the Court's reading of the statute, Plaintiffs lack a right of action because they do not allege a security problem ***of any kind*** (breach or not). Respectfully, the Court should grant reconsideration to resolve that pivotal issue.

## IV. CONCLUSION

For these reasons, Capital One respectfully requests that the Court grant leave to file a motion to reconsider the portion of its Order concerning Plaintiffs' ECPA and CCPA claims.

Dated: May 19, 2025

ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ *Rebecca Harlow*

Aravind Swaminathan (*pro hac vice*)
aswaminathan@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: (206) 639-9157

Rebecca Harlow (SBN 281931)
rharlow@orrick.com
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700

*Attorneys for Defendant Capital One Financial Corporation*