Via ECF                                                                                                        September 23, 2025
The Honorable Trina L. Thompson
U.S. District Court for the Northern District of California

      Re:      *Shah v. Capital One Financial Corp.*, No. 3:24-cv-05985-TLT
              Joint Discovery Dispute Letter Re: 30(b)(6) Deposition Topics & Interrogatories

Dear Judge Thompson:

      Pursuant to the Court's Standing Order, Plaintiffs Vishal Shah, Gary Ingraham, Deia Williams, and Devine Rose (collectively, "Plaintiffs") and Defendant Capital One Financial Corporation ("Capital One") submit this joint letter concerning the Parties' dispute regarding the scope and duration of Plaintiffs' Rule 30(b)(6) deposition(s), Capital One's response to Plaintiffs' Interrogatory Nos. 1, 6, and 7, and Plaintiffs' response to Capital One's Interrogatory No. 5. The Parties have met and conferred in good faith but have not been able to resolve these disputes. In an effort to comply with the November 7, 2025, fact discovery cut-off-deadline and because the issues below relate to depositions that the Parties are trying to schedule, the Parties respectfully request a decision and/or hearing on these matters at the Court's earliest convenience.

## I.     Plaintiffs' Position

      Plaintiffs urgently need judicial intervention to prevent Defendant from running out the clock on the fact discovery period, which closes on November 7, 2025, by manufacturing disputes over Plaintiffs' 30(b)(6) notice and then using those disputes as an excuse to cancel 30(b)(6) and individual depositions that had previously been agreed. Defendant has also refused to answer 3 critical interrogatories served 8 months ago.

###     A.  Defendant's Refusal to Answer 3 Interrogatories for 8 Months

      Interrogatory 1 asks for a description of tracking technology used by Capital One. Interrogatory 6 asks for anonymous identification of class members and Interrogatory 7 asks for data shared with third parties for those individuals. These are the most basic and relevant questions that go to the very heart of this case. These Interrogatories were served in January 2025; Capital One has still not answered them despite months of promises. *See* Ex. A.

###     B.  Defendant's Use of the 30(b)(6) Dispute as an Excuse to Cancel Scheduled Individual Depositions and Deprive Plaintiffs of 7 Hours of Individual Depositions

      All the immediate issues described below involve Plaintiffs' noticed topics for a 30(b)(6) deposition. Yet Defendant has used the existence of a dispute over the scope of its corporate deposition to cancel individual depositions that were already scheduled for Sept. 25 and 29. Defendant's only excuse for this cancellation is that it had planned to designate those individual witnesses to testify on certain 30(b)(6) topics as well. This prejudices Plaintiffs' ability to obtain testimony before the end of fact discovery. There is no reason why witnesses cannot move forward with their individual depositions while the Court decides the scope of the 30(b)(6) deposition. Defendant also insists that a witness can only be deposed for a total of 7 hours even though the witness is testifying in two separate capacities at two separate depositions.

### C. Defendant's Refusal to Designate a Witness to Testify on Obviously Relevant and Non-Privileged Topics

Defendant has refused to designate a witness to testify on 30(b)(6) Topics 2, 4, 14, and 15 based on boilerplate objections about allegedly vague, overbroad, and burdensome language. Defendant does not claim that these topics are irrelevant or off-limits due to privilege. "[A] 30(b)(6) is not objectionable to the extent that it may be reasonably construed to seek relevant information capable of being addressed in a deposition." *Westmoreland v. Regents of the University of California*, 2019 WL 932220, at *8 (E.D. Cal. Feb. 26, 2019). Topic 2 seeks critical information about class size. Ex. B at 7. Topic 4 seeks information about the business arrangements behind Defendant's use of source code on its websites to share customer data with third parties. *Id* at 9. Topic 14 seeks the factual basis for Defendant's assertion that the third parties who receive customer data from Defendant's website do not resell, use, or profit from that data. *Id.* at 16. Topic 15 seeks the factual bases for Defendant's affirmative defenses and 24 specifically identified paragraphs of factual denials in Defendant's Answer. *Id.* All these topics are relevant, and none justify a wholesale refusal to designate a witness.

### D. Defendant's Refusal to Provide Testimony on Any Tracking Technology that was Not Specifically Named in the Complaint

Plaintiffs' Complaint made a point of citing certain representative tracking technologies by name while also alleging nearly 200 times that Defendant shared customer data with other unnamed third parties. Yet Defendant has taken the unreasonable position that any tracking technologies that were not explicitly named by Plaintiffs prior to discovery are "outside the bounds of the complaint" and therefore immune from discovery. This objection has been applied arbitrarily to limit the scope of Topics 1, 3, 6, 7, and 8. *See* Ex. B. "Because discovery is designed to define and clarify the issues, it is not limited to only those specific issues raised in the pleadings." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). "Plaintiffs are entitled to discovery regarding their claims generally, not just the specific factual claims pled in their Complaint." *Vallabharpurapu v. Burger King Corp.*, 276 F.R.D. 611, 615 (N.D. Cal. 2011).

### E. Defendant's Refusal to Provide Testimony on Certain Actions that Predate the Class Period But Are Relevant to Facts Within the Class Period

"In general, courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *Hatamian v. Advanced Micro Devices, Inc.*, 2015 WL 7180662, at *2 (N.D. Cal. Nov. 16, 2015) (internal citation and quotation marks omitted). "The proposed class period dates function only to define the plaintiff class, not to restrict the universe of relevant or actionable facts." *Zelman v. JDS Uniphase Corp.*, 376 F. Supp. 2d 956, 970 (N.D. Cal. 2005). Defendant has refused to provide testimony on Topics 1, 3, 6, 7, or 8 concerning events, processes, or decisions that occurred prior to January 1, 2020. Topic 1 addresses Defendant's decision to share tracking data on customers with third parties. Ex. B at 5. Topic 3 addresses Defendant's modification or removal of code for tracking customer data. *Id.* at 7-8. Topic 6 addresses Defendant's process for processing requests to modify the code for tracking customer data. *Id.* at 10-11. Topics 7 and 8 address Defendant's criteria for targeting customers with personalized

advertisements based on their website activities. *Id.* at 11-12. All these Topics address decision-making and operational events that, even though they may have occurred prior to January 1, 2020, would almost certainly have continued to govern Defendant's sharing of tracking data after January 1, 2020. Defendant's temporal limitations are therefore arbitrary and inappropriate.

### F. Defendant's Refusal to Reasonably Construe Plaintiffs' 30(b)(6) Notice

A party who receives a 30(b)(6) deposition notice has an obligation to construe the topics in a reasonable manner instead of straining to find ambiguities. *See Westmoreland v. Regents of the University of California*, 2019 WL 932220, at *3 (E.D. Cal. Feb. 26, 2019). Defendant repeatedly ignored this duty by completely rewriting certain definitions and topics to suit Defendant's preferences. This affects Topics 1, 3, 6-8, 10, 11, 13, and 17. Perhaps the most egregious example of this is Defendant's insistence on rewriting Plaintiffs' definition of "Personal and Financial Information." Plaintiffs' definition of this term is derived from the information alleged to be shared in the Complaint and in part from a federal rule, 16 C.F.R. § 313.3(o)(1), and includes certain specific examples of relevant data. In response, Defendant made up its own definition of "Personal and Financial Information" that deliberately excludes much of the data that falls within the federal rule and data that Plaintiffs allege was shared with third parties. Defendant then repeatedly limits the scope of its offered testimony by reference to its self-serving and rewritten definition. This abuse affects Topics 11 and 17. Ex. B at 13-14, 17. Defendant also effectively rewrites Topic 11, which addresses the sharing of customer data with both third parties (the immediate recipients of the data) and fourth parties (who subsequently receive the data from third parties). *Id.* at 14. Defendant has refused to offer any testimony on data sharing with fourth parties even though this additional sharing is a foundational issue in this case.

### G. Plaintiffs Have Already Demonstrated a Good Faith Basis for Their Allegations and are Unable to Fully Answer Interrogatory No. 5 Because Discovery is Ongoing

Interrogatory No. 5 is a contention ROG that cannot be answered while discovery is ongoing and Defendant refuses to properly answer Plaintiff's Interrogatory No. 1, 6, and 7 and refuses to respond to No. 16 concerning the scope of data sharing with third parties for Plaintiffs and the proposed class. *Cf. Garner v. Amazon.com, Inc.*, 2022 WL 4753013, at *2 (W.D. Wash. Oct. 3, 2022) (refusing to compel one group of plaintiffs to identify recordings when the defendant refused to provide those plaintiffs access to the relevant recordings). *See* Ex. C & Ex. D at 8-9. Defendant alone knows all Plaintiffs' information that was tracked and shared. Plaintiffs have already provided Defendant documents which discuss specific types of information tracked and shared that Plaintiffs were aware of at the inception of this lawsuit. These documents conclusively demonstrate that Plaintiffs had a good-faith basis to file this lawsuit. Plaintiffs are willing to supplement ROG No. 5 at the close of factual and expert discovery once Defendant has provided all information necessary to identify the full scope of personal information collected by Defendant.

## II. Defendant's Position

The Court should compel Plaintiffs to respond to Capital One's Interrogatory No. 5—served in March 2025—and identify the information that forms the basis of their claims: Plaintiffs' "Personal and Financial Information" that Capital One allegedly collected through third-party tools. The Court specifically relied on Plaintiffs' allegations about this collection in concluding

that Plaintiffs stated their remaining claims, ECF No. 59 at 7, and Plaintiffs offer no basis for refusing to provide this information now—near the end of fact discovery—after Capital One has produced over 7400 documents (comprising nearly 37,000 pages) in response to over 90 document requests. Without this information, Capital One cannot prepare its defenses and the Parties (and the Court) cannot determine the appropriate scope of discovery, including the scope of Plaintiffs' overbroad Rule 30(b)(6) deposition topics.

### A. The Court Should Require Plaintiffs to Identify Which of Their "Personal and Financial Information" Was Allegedly Collected (Interrogatory No. 5).

Plaintiffs are required to identify *their* "Personal and Financial Information" that they assert Capital One disclosed to third parties. *See* Ex. E at 4. "There can be no doubt that th[is] information sought is essential to plaintiffs' claims and/or [Capital One's] defenses." *Garner v. Amazon.com, Inc.*, 2022 WL 4753013, at *2 (W.D. Wash. Oct. 3, 2022) (compelling plaintiffs to "identify the recordings that form the basis of their wiretap claims"). Plaintiffs admitted this information was in their possession. Ex. F at 10 (stating an investigation "revealed Defendant disclosed my Personal and Financial Information to third parties"). To the extent Plaintiffs now claim that this information "is within Defendant's exclusive possession" (*id.* at 11), it is unclear how Plaintiffs' allegations about the disclosure of Plaintiffs' Personal and Financial Information "have evidentiary support." Fed. R. Civ. P. 11(b)(3); *see Mitchener v. Talkspace Network LLC*, 2025 WL 1822801, at *13 (C.D. Cal. June 27, 2025) (sanctioning counsel for failure to "proffer[] any [pre-complaint] evidence to support" the alleged third-party sharing of sensitive data).

### B. The Court Should Sustain Capital One's Objections to Plaintiffs' Overbroad, Generalized Rule 30(b)(6) Deposition Notice.

Rule 30(b)(6) requires a party seeking the deposition of a corporate defendant to describe "with reasonable particularity the matters for examination." "[T]he requesting party must take care to designate, with <u>painstaking specificity</u>, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Batiste v. City of Richmond*, 2023 WL 2951538, at *2 (N.D. Cal. Apr. 14, 2023). Capital One needs the Court's guidance before depositions can go forward because Plaintiffs' "overbroad Rule 30(b)(6) notice [otherwise] subjects [Capital One] to an impossible task" to prepare its witnesses. *Id.* (citation omitted).

***Personal and Financial Information.*** Plaintiffs' failure to articulate the Personal and Financial Information they contend was collected with *any* specificity is a threshold gating issue that has stymied the Parties' ability to agree on the appropriate scope of 30(b)(6) topics (*e.g.*, relevant webpages, tools, or time periods). For example, <u>Topics 2, 11, 14, and 17</u> in Plaintiffs' 30(b)(6) notice refer generally to "Personal and Financial Information," which Plaintiffs say "means any" of several broad categories of "information" and "includes but is not limited to" various types of information. Ex. G at 8. This definition "is overbroad and defeats the purpose of having categories at all." *Whiting v. Hogan*, 2013 WL 1047012, at *11 (D. Ariz. Mar. 14, 2013) (ordering plaintiffs to amend deposition notice that "includes language that the topics 'will include but not be limited to' the categories listed"). In an effort to compromise, Capital One proposed a definition of this term solely for purposes of providing testimony. Although Plaintiffs contend that this definition "excludes much of the data . . . that Plaintiffs allege was shared with third parties," Plaintiffs still do not specify *which* data they "allege was shared with third parties."

***Other Deficiencies.*** Plaintiffs' 30(b)(6) topics are improper for other reasons as well and make it impossible for Capital One to effectively prepare its witnesses without the reasonable limitations Capital One has proposed. To highlight a few examples from Capital One's amended responses and objections (Ex. B):

- Time Period: Topics 1, 3, 6, 7, and 8 seek testimony going back to an unspecified pre-2020 period, well beyond the earliest applicable statute-of-limitations period, which began in August 2021—a clear case of "overreaching." *LegalForce RAPC Worldwide v. Demassa*, 2019 WL 2232580, at *2–3 (N.D. Cal. May 23, 2019) (no discovery prior "to the start of the limitations period"). Capital One has more than satisfied its obligations by agreeing to provide testimony going back to January 2020, more than 20 months earlier than the longest limitations period. This is sufficient "context" for Plaintiffs' claims.

- Third-party Tools: Topics 1, 3, 6, 7, and 8 are also overbroad to the extent they are not limited to the third-party tools identified in the Complaint—namely, the Meta Pixel, Google Analytics, Adobe Analytics, DoubleClick, Microsoft Advertising, Kenshoo, New Relic, Skai/Kenshoo, and Tealium. Compl. ¶¶ 1, 51. Indeed, Plaintiffs do not even specify all the tools for which they seek testimony (*e.g.*, Topic 1 seeks testimony that "includes but is not limited to" certain tools). *Whiting*, 2013 WL 1047012, at *11 ("includes" language improper).

- Catch-all Topics: Topic 13 is facially overbroad because it seeks testimony regarding Capital One's responses to "all" of Plaintiffs' 91 RFPs, 17 ROGs, and 53 RFAs. *See Storms v. Paychex, Inc.*, 2023 WL 4291436, at *7 (C.D. Cal. May 24, 2023) (similar topic improper). And Topic 15 calls for legal conclusions about the "factual bases for Defendant's affirmative defenses and its denials of the factual allegations in its Answer." *See Tradeshift, Inc. v. BuyerQuest*, Inc., 2021 WL 2222811, at *2 (N.D. Cal. June 2, 2021) (similar topic improper).

***Length of Depositions.*** Capital One "[d]eponents are entitled to the presumption that their testimony will be limited to seven-hours even if they are testifying both individually and as corporate designee under Rule 30(b)(6)." *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, 2006 WL 2734289, at *1 (N.D. Cal. Sept. 25, 2006); *see* Fed. R. Civ. P. 30(d)(1) (limiting depositions to a single day of seven hours). Plaintiffs cannot rebut that presumption with a need for additional time, especially considering Plaintiffs seek to depose eight Capital One witnesses.

The Court should impose on any 30(b)(6) deposition the reasonable limitations that Capital One has proposed (*see* Exhibit B) and issue a protective order limiting any deposition of a Capital One employee to seven hours, whether the witness is testifying as a 30(b)(6) or 30(b)(1) witness. Alternatively, the Court should sustain Capital One's objections and order Plaintiffs to serve an amended 30(b)(6) deposition notice that complies with Rule 30(b)(6).

### C. Capital One Is Supplementing Its Responses to Plaintiffs' Interrogatories.

On September 8, 2025, Plaintiffs agreed for the first time to limit Interrogatory Nos. 1, 6, and 7 to address specific webpages: the Capital One website's landing page, and credit card application and preapproval application pages. Capital One is working diligently to prepare and serve supplemental responses addressing these webpages.

Dated: September 23, 2025

Respectfully submitted,

*/s/Lynn A. Toops*
Lynn A. Toops, admitted *pro hac vice*
Counsel for PLAINTIFFS, VISHAL SHAH, GARY INGRAHAM, DEIA WILLIAMS, and DEVIN ROSE, individually, and on behalf of all others similarly situated


*/s/Marianne Spencer*
Marianne Spencer, admitted *pro hac vice*
Counsel for Defendant, CAPITAL ONE FINANCIAL CORPORATION, d/b/a CAPITAL ONE, d/b/a CAPITAL ONE, NATIONAL ASSOCIATION, d/b/a CAPITAL ONE, N.A., d/b/a CAPITAL ONE SHOPPING