**Via CM/ECF**                                                                October 17, 2025

The Honorable Sallie Kim
U.S. District Court for the Northern District of California

Re:   *Shah v. Capital One Financial Corp.*, Case No. 3:24-cv-05985-TLT
      Joint Discovery Dispute Letter Re: Deposition Time of Fiorella Trowbridge

Dear Judge Kim:

Pursuant to the Court's Standing Order, Plaintiffs Vishal Shah, Gary Ingraham, and Deia Williams (collectively, "Plaintiffs") and Defendant Capital One Financial Corporation ("Capital One") submit this joint letter concerning a discovery dispute. The parties attest that, pursuant to Section 9 of the Northern District's Guidelines for Professional Conduct, they met and conferred via Microsoft Teams on October 10, 2025, to attempt to resolve this dispute. The parties agree that they are at impasse.

The unresolved dispute concerns the total time for which Fiorella Trowbridge may be deposed as a Rule 30(b)(6) designee for Capital One. The pertinent factual background to which the parties can agree is as follows. On October 7, 2025, Ms. Trowbridge was deposed in her individual capacity for 6 hours and 16 minutes. On October 8, the day after this Court ruled on the scope of Plaintiffs' Rule 30(b)(6) deposition topics, ECF 111, Defendant confirmed that Ms. Trowbridge would be designated to testify as a corporate representative for 6 Rule 30(b)(6) topics and portions of another (out of the 15 topics for which Capital One has designated a corporate representative). Defendant first notified Plaintiffs that Ms. Trowbridge would be designated as a corporate representative on September 3.

Ms. Trowbridge is scheduled to testify again on October 29. Plaintiffs are scheduled to depose three other Capital One employees as Defendants' corporate representatives in addition to Ms. Trowbridge, all three of whom Plaintiffs intend to depose as fact witnesses. The discovery deadline is November 7. As such, the parties respectfully request a decision and/or hearing at the Court's earliest convenience.

Respectfully submitted,


 */s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV, admitted *pro hac vice*
Counsel for Plaintiffs, VISHAL SHAH, GARY INGRAHAM, and
DEIA WILLIAMS, individually and on behalf
of all others similarly situated

1

*/s/ Kathryn E. Cahoy (with permission)*
Kathryn E. Cahoy
Counsel for Defendant, CAPITAL ONE FINANCIAL
CORPORATION, d/b/a CAPITAL ONE d/b/a CAPITAL
ONE, NATIONAL ASSOCIATION d/b/a CAPITAL ONE, N.A
d/b/a CAPITAL ONE SHOPPING

I. **Plaintiffs' Substantive Position**

Because Defendant has avoided producing many relevant documents and refused to thoroughly answer interrogatories, 1 hour and 26 minutes of Ms. Trowbridge's 6-hour and 16-minute deposition was spent questioning her on matters that were entirely avoidable had Defendant cooperated in good faith throughout discovery.

For example, at least 50 minutes were spent reviewing deficiencies in Defendant's Supplemental Answers to Interrogatories Nos. 1, 6, 7, and 16 – which were first provided at the end of the last business day before the October 6 hearing with the Court over the prior Interrogatory response. Throughout her testimony, Ms. Trowbridge agreed that Defendants' answers to these Interrogatories were incomplete. Transcript of Fiorella Trowbridge Deposition ("Trowbridge Dep."), 127:8-13 ("Q. Okay. So this is not a full listing of all tracking tags that Capital One had implemented on preapproval applications going back to 2020; correct? A. This is a listing of – if it's of that – that URL that's correct. There are other URLs."); *id.* 130:18-131:3 (Q. Okay. So the answer to Interrogatory No. 1 is missing several URLs on which credit card—individuals could apply or seek preapproval for credit card applications going back to January 2020; correct? A. If what you showed me is correct, then I think . . . there might be other URLs missing, yes.").

Another 22 minutes were devoted to identifying relevant documents that have not been produced, which Ms. Trowbridge agreed could, in fact, be produced: (1) Ms. Trowbridge identified "architectural diagrams," which were not produced but list the Application Program Interfaces ("API") that were embedded on Defendant's website. Trowbridge Dep., 15:25-16:13; (2) She identified three repositories of responsive tracking scripts (GitHub, OneTag, and Tealium), which were not produced to Plaintiffs. *Id.*, 32:6-23 (identifying GitHub and Tealium as "code repositories"), 69:6-62:22 (describing "OneTag data library" as "housed in GitHub" and which can be used "to know whether or not [certain] fields were one[s] that were being shared with . . .

3

the third party, with Adobe, Google, and Potomac."); (3) She identified the repositories ("Snowflake" and "OneLake") that would show what information—like whether an individual fills out a credit card application or a preapproval application, whether an application is preapproved, whether an individual starts an application, but does not finish it—was transmitted to third parties, including Adobe, Google, and Potomac. *Id.* 61:1-63:7.

Yet another 15 minutes were spent attempting to decipher documents that Defendant produced in an unreadable or incomprehensible format. *See id.* 83:6-18 (agreeing that document is unreadable); 233:24-25, 236:19-25 (testifying that she does not know what a produced spreadsheet is showing, but acknowledging "[t]here likely is" a legend or key).

Following Ms. Trowbridge's deposition, on October 10, Plaintiffs met and conferred with Defendant over, among other issues, the deficiencies highlighted by Ms. Trowbridge's testimony. Defendant agreed to conduct a reasonable search for these items and supplement its discovery responses. Because Plaintiffs' counsel spent precious deposition time unearthing these deficiencies, and because Ms. Trowbridge was designated for **seven** 30(b)(6) topics—almost **half** of the topics—Plaintiffs requested an additional 2 hours for her deposition as Defendant's Rule 30(b)(6) designee. Defendant would not agree to extend her deposition beyond the 10-hour combined limit suggested by the Court. For the first time in its letter here, Defendant floats the idea that it "is prepared" to designate some testimony as 30(b)(6) testimony. But it offers no specifics, and those designations do not supplant Plaintiffs' right to depose under Rule 30(b)(6).

During the October 6 hearing, this Court provided a "rough outline" that testimony from individuals deposed both in their personal capacity and as Rule 30(b)(6) designees be limited to 10 hours. Tr. of Hearing (Oct. 6, 2025), 19:16-19. Nevertheless, the Court suggested it would consider increasing the 10-hour time limit for individuals who are designated for many 30(b)(6)

4

topics. *See id.* at 19:9-16 (explaining the Court is "not sure how many more hours" are appropriate because "it really depends on how many topics they're going to be designated on").

Plaintiffs maintain that Ms. Trowbridge fits squarely within that category and good cause exists for two extra hours when she sits as the Rule 30(b)(6) designee. As laid out above, Plaintiffs were forced to expend substantial testimony time to unearth Defendant's discovery deficiencies – including on Interrogatory responses provided the last business day before the October 6 hearing that caused the Court to deny the motion without prejudice because the supplemental responses were not a part of the record. Had Defendant engaged in discovery in good faith, those efforts would not have been necessary. Layer on the fact that Ms. Trowbridge was designated for ***almost half*** of the 30(b)(6) topics. Under the Court's "rough outline," from which Defendants refuse to deviate, Plaintiffs are left with 3.7 hours of testimony time to cover ***seven*** Rule 30(b)(6) topics. Plaintiffs do not believe this is sufficient time to cover all that ground.

The request to extend Trowbridge's testimony time by 2 hours is reasonable and warranted. "Ninth Circuit courts have held that individuals noticed as an individual witness under Rule 30(b)(1) and also as the corporate representative under 30(b)(6) are 'presumptively subject to independent seven-hour time limits.'" *Dynetix Design Solutions Inc. v. Synopsys Inc.*, 2012 WL 5943105, at *2 (N.D. Cal. Nov. 27, 2012); *see also Sabre v. First Dominion Capital, LLC*, 2001 WL 1590544, at *2 (S.D.N.Y. Dec. 12, 2001); Fed. R. Civ. P. 30, advisory committee's note to 2000 amendment ("For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition" and this "duration may be extended, or otherwise altered, by agreement . . . [or] court order" upon a showing of "good cause"). Defendant makes no effort to address this authority, but it is clear that Plaintiffs are entitled to 28 hours across all 30(b)(6) depositions (7 hours for each of the 4 witnesses). Notwithstanding this,

Plaintiffs will endeavor to complete the depositions in less time. Plaintiffs' counsel said from the start that any estimate would be "very hard to predict" and hinge on "factors … outside of [her] control." Oct. 6 Hr'g Tr. 18:21–23, 19:5–6. One of those factors is whether the deponent is prepared; another is whether deposition time will need to be used to remedy discovery deficiencies. But, in this vein, Plaintiffs do not request a full 7-hour deposition of Ms. Trowbridge. Rather, Plaintiffs have narrowly tailored their request, in good faith, to avoid duplicative discovery and believe they can cover all seven topics within two additional hours (for a total of 5.7 hours).

It is also worth pointing out, as other courts have, that limiting the 30(b)(6) testimony based on individual testimony leads to gamesmanship. *Sabre*, 2001 WL 1590544, at *2 (explaining "permit[ting] an entity to curtail 30(b)(6) examinations by designating as a 30(b)(6) witness a person who previously testified for six-hours as an individual and has only one hour left on his or her presumptive seven-hour clock" is "[a]n interpretation that would lead to . . . absurd results [and] must be rejected"). That concern is doubly present here. For one, going into Ms. Trowbridge's deposition, Plaintiffs were aware that Defendant intended to designate her for 6 topics—but after, Defendant designated her for an additional topic, putting Plaintiffs at a disadvantage by having less time to cover more ground in the Rule 30(b)(6) deposition. For two, Defendant wants to hold Plaintiffs to a 10-hour limit for all 30(b)(6) depositions, which would lead to *even more* perverse outcomes—one witness's testimony is shortened by another's testimony. Defendant offers no support for its position, and indeed, the weight of authority supports the exact opposite, as catalogued above.

For these reasons, and in the spirit of Rule 26(b)(1)'s command to construe discovery liberally, Plaintiffs believe the Court should order Defendant to permit Ms. Trowbridge to testify for an additional 2 hours (for a total of 5.7 hours) during her deposition as a Rule 30(b)(6) designee.

6

## II. Defendant's Substantive Position

Less than two weeks ago, the Court instructed Plaintiffs to limit depositions of witnesses designated to testify in an individual and corporate capacity to "no more than 10 hours," and Plaintiffs told the Court that they expected to limit *total* 30(b)(6) deposition time to "under 10 hours." Oct. 6 Tr. 18:15-24; 20:1-14. Plaintiffs are already challenging both of those limitations: they now seek to depose Ms. Trowbridge for more than 12 hours and have reneged on the 10-hour limit for total 30(b)(6) depositions, now arguing they are entitled to 28 hours of 30(b)(6) testimony. Despite Plaintiffs' reversal, Capital One still attempted to explore options for a longer deposition of Ms. Trowbridge but with overall limits that would prevent Plaintiffs from continuing to exceed the Court's and their own stated limitations; Plaintiffs refused. This Court should deny Plaintiffs' motion, and reaffirm its previous guidance that Plaintiffs should have 10 total hours of 30(b)(6) testimony and 10 hours of total deposition time with any single Capital One employee.

This Court very recently resolved a dispute over the time limit for Plaintiffs' depositions of Capital One witnesses testifying both individually and as a corporate designee. ECF No. 88 at 5. When it did so, this Court observed "as a rough outline," the "outward maximum" a single witness should have to sit for a deposition is "seven hours as an individual plus three hours as a 30(b)(6) deponent." Oct. 6 Hearing Tr. 19:16-19; *see also id.* at 20:8-12 ("[Y]es, the Plaintiffs can get more than seven hours if the person's both an individual and a 30(b)(6) deponent. But generally speaking, no more than 10 hours for one of those individuals …."). Although this Court suggested it "would be a different story" if Capital One designated a single person to cover all 30(b)(6) topics, *id.* at 20:12-14, that situation does not apply here because Capital One has instead designated four witnesses to cover 15 topics. This Court also observed, after Plaintiffs' counsel represented that they aimed to "shoot toward trying to [finish all 30(b)(6) testimony] in under 10 hours," *id.* at 18:19-19:6, that a ten-hour limit for all 30(b)(6) testimony was "not outrageous." *Id.* at 25:25-26:9.

7

Nothing has changed since the Oct. 6 hearing. As Plaintiffs acknowledge, they knew going into Ms. Trowbridge's deposition that Capital One intended to designate her to cover six topics. Following the Court's ruling, Capital One designated multiple witnesses including Ms. Trowbridge to cover portions of an additional topic—the factual basis for Capital One's denials of some of the allegations in the Complaint, *see* ECF No. 111 (Topic 15)—which overlaps with the existing topics she was already designated to testify about. Plaintiffs do not deny this.

As this Court previously suggested, the appropriate outcome is for Capital One to designate portions of Ms. Trowbridge's deposition as Rule 30(b)(6) testimony, not burden Ms. Trowbridge with excessive deposition time. *See id.* at 22:17-16-21 ("Sometimes, when you take the individual portion of it, you might even decide together to stipulate that she would be speaking in her capacity as a 30(b)(6) because she's a technical person" and is "not going to change her testimony when she comes back as a 30(b)(6)"). Indeed, Plaintiffs approached Ms. Trowbridge's deposition as if it was a corporate representative deposition: of the 16 exhibits shown to Ms. Trowbridge, Ms. Trowbridge's name only appeared on 8 of the documents, and Plaintiffs spent large portions of the deposition asking about Capital One's general corporate practices. For these reasons, Capital One is prepared to designate dozens of pages of Ms. Trowbridge's deposition as 30(b)(6) deposition testimony, and Plaintiffs may spend up to 3 hours and 45 minutes deposing Ms. Trowbridge in her capacity as Capital One's corporate representative.

There is nothing unique about Ms. Trowbridge's deposition that warrants departing from this Court's previous guidance. Although Plaintiffs say they spent 50 minutes asking about Capital One's interrogatory responses, Ms. Trowbridge did not verify those responses; that was done by a different witness who will be deposed in both his individual and 30(b)(6) capacity, including on the subject of Capital One's interrogatory responses. Neither Capital One nor Ms. Trowbridge is

8

responsible for Plaintiffs' strategic (even if questionable) decision to devote nearly an hour of their time deposing her on that subject. In any event, the only thing they found "missing" after nearly an hour-long examination on this document is a non-event: Capital One's interrogatory responses focused on URLs previously identified by Plaintiffs as the basis for their claims.

As to the deposition time Plaintiffs chose to spend on the documents they reference above, Plaintiffs served nearly a hundred overbroad document requests, and Capital One's productions were necessarily a result of months of conferrals during which Plaintiffs identified priority items. Here, (1) the "architectural diagrams" that Ms. Trowbridge identified reference Capital One's own *internal* (*i.e.*, not third-party) APIs which have zero relevance to this case (indeed, the terms "API" and "Application Programming Interface" appear nowhere in Plaintiffs' lengthy complaint), and Capital One promptly produced these diagrams after the deposition to minimize any judicial dispute over these materials, (2) Plaintiffs acknowledge they had not previously sought in discovery "responsive tracking scripts" from Tealium, Github, and OneTag, because they did not serve discovery requests seeking this information until *after* Ms. Trowbridge's deposition, *see* Plaintiffs' Ninth Set of Requests for Production, and (3) Ms. Trowbridge's testimony about data repositories does not change Capital One's interrogatory response.

Tellingly, Plaintiffs do not—and cannot—suggest that Ms. Trowbridge was not prepared or evasive. They simply want more time, even though they intend to depose seven additional Capital One employees (three of whom are also corporate designees). Deposition time limits exist for a reason: they are intended to avoid unreasonably cumulative or burdensome discovery, *see Somerset Studios, LLC v. School Specialty, Inc.*, 2011 WL 4344596, at *5 (N.D. Cal. 2011), and the party seeking to avoid those limits must show a "specific justification for additional time," *In re Google RTB Consumer Priv. Litig.*, 2023 WL 3046793, at *3 (N.D. Cal Apr. 21, 2023).

9

Plaintiffs have not done so here. If Plaintiffs choose to fish for irrelevant information or documents, they should not be rewarded—and witnesses should not be burdened—with more time because Plaintiffs cannot prioritize their time accordingly. *Id.* at *3–4 (denying request to exceed time limit where counsel spent over an hour on "matters of marginal relevance"). Although Capital One believes that *no* witness should have to sit for more than seven hours, it will follow this Court's guidance that 10 hours of testimony for witnesses like Ms. Trowbridge represent the "outward maximum." Tr. at 19:19. Nothing further should be permitted.

This issue extends beyond Ms. Trowbridge's deposition and affects the depositions of the three other Capital One witnesses who have been designated to testify as corporate representatives. After Capital One identified its four corporate representatives, Plaintiffs' counsel expressed their view—just three days after telling this Court they hoped to take no more than 10 hours of corporate representative testimony, *see* Tr. at 18:19-19:6—"we are entitled to 28 hours of corporate rep testimony under the rules" and they wanted "to flag this issue because if there is a dispute, we can bring it to the Court now." Plaintiffs also did not previously seek to depose Nate Morawetz and Melissa Wing. But after Capital One designated these employees as corporate representatives, Plaintiffs then sought to depose them in their individual capacity—presumably, so they could obtain more time to depose these witnesses as well. While Capital One has worked diligently and cooperatively to schedule these late-noticed depositions, it raised the issue of 30(b)(6) deposition time limits in the parties' September 23 joint letter brief precisely to avoid this result.

The Court's original observations were correct and should now be reflected in an order. Respectfully, this Court should confirm that no Capital One witness (including Ms. Trowbridge) should be required to sit for more than 10 hours of deposition testimony and that Plaintiffs are limited to a total of 10 hours of corporate representative testimony.

4909-2086-5395, v. 2