# Exhibit A
REDACTED

Kathryn E. Cahoy (Bar No. 298777)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: (650) 632-4735
Email: kcahoy@cov.com

Matthew Q. Verdin (Bar No. 306713)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-7065
Email: mverdin@cov.com

*Attorneys for Defendant Capital One Financial Corporation*

[Additional counsel listed on signature page]

CAPITAL ONE FINANCIAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VISHAL SHAH, GARY INGRAHAM, DEIA WILLIAMS, and DEVIN ROSE, individually, and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, d/b/a CAPITAL ONE, d/b/a/ CAPITAL ONE, NATIONAL ASSOCIATION, d/b/a CAPITAL ONE, N.A., d/b/a CAPITAL ONE SHOPPING<br><br>Defendant. | Case No. 3:24-cv-05985<br><br>**DEFENDANT CAPITAL ONE FINANCIAL CORPORATION'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**<br><br>Judge: Hon. Trina L. Thompson |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California, Defendant Capital One Financial Corporation ("Capital One" or "Defendant"), by its undersigned counsel, hereby responds and objects to Plaintiffs Vishal Shah's, Gary Ingraham's, Deia Williams', and Devin Rose's ("Plaintiffs") First Set of Interrogatories, dated January 10, 2024, as follows:

## PRELIMINARY STATEMENT

Capital One has not fully completed its investigation into this action, discovery in this action, or preparation for potential motions and trial. Capital One's responses are based upon and necessarily limited to records and information still in existence, presently available, and obtained in the course of preparing these responses. Consequently, although these responses are complete to the best of Capital One's knowledge, Capital One expressly reserves the right to change, amend, modify, or supplement these responses in the event of error, mistake, or omission, and as Capital One ascertains additional facts, makes analyses, completes legal research, or obtains documents. Capital One also reserves the right to make any changes to these responses if, at any time, additional or more accurate information or documents become available, and to establish at a later date any additional facts that may be contained within or discovered as a result of any additional documents. No incidental or implied admissions are intended by these responses. The fact that Capital

One has responded or objected to any Interrogatory or part thereof shall not be deemed an admission that Capital One accepts or admits the existence of any facts set forth or assumed by such Interrogatory, or that the response or objection constitutes admissible evidence. The fact that Capital One has answered part or all of any Interrogatory is not intended to be, and shall not be construed as, a waiver by Capital One of any part of any objection to any Interrogatory.

## GENERAL OBJECTIONS

1. Capital One objects to these Interrogatories to the extent they are inconsistent with or more burdensome than (1) the Federal Rules of Civil Procedure, (2) the Local Rules for the

United States District Court for the Northern District of California, or (3) any Orders of the Court. Capital One assumes no duty beyond that imposed by law.

2. All the responses contained herein are based only upon such information that is presently available to and specifically known by Capital One and are given without prejudice to Capital One's rights to produce evidence of any other fact or facts that Capital One may later discover or ascertain. Capital One accordingly reserves the right to amend or supplement any and all responses herein as additional facts may be ascertained and additional documents may be discovered.

3. Capital One objects to each Interrogatory to the extent it is overbroad, unduly burdensome, or not proportional to the needs of the case concerning a claim or defense in this action.

4. Capital One objects to each Interrogatory to the extent it seeks information or documents not relevant to any claim or defense in this case.

5. Capital One objects to each definition, instruction, and Interrogatory to the extent it seeks information or documents not in Capital One's possession, custody, or control.

6. Capital One objects to each Interrogatory to the extent it seeks an improper conclusion or opinion. Capital One's responses herein shall not be construed as binding Capital One to any particular legal position or theory.

7. Capital One objects to each Interrogatory to the extent it purports to require Capital One to respond prematurely about matters that are or may be the subject of expert witness testimony. All of the following responses are given without prejudice to Capital One's right to procure, rely on, and introduce expert witness testimony, and such expert's right to rely on any documents or information deemed appropriate by that expert in formulating the expert's opinion. Capital One will make its expert disclosures in accordance with the rules and orders of the Court.

9. Capital One objects to the Interrogatories to the extent that they would require Capital One to produce documents or information covered by confidentiality agreements with others or protective orders, or that would require Capital One to violate the privacy interests of others.

10. Capital One objects to Plaintiffs' Interrogatories, and the definitions therein, to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the common interest doctrine, and/or any other applicable privileges, doctrines, and immunities recognized under law. To the extent that supplying responses requested would result in waiving any applicable privilege or objection based on any such privilege, Capital One objects to providing such responses and will not do so. To the extent Capital One inadvertently produces any information or documents falling within any applicable privilege, Capital One does not waive the applicable privilege/objection. To the extent Capital One produces any information or documents falling within any applicable privilege or otherwise subject to objection, and if later held that Capital One waived the applicable privilege/objection, Capital One waives the applicable privilege/objection only to the extent of the documents produced.

11. For any information provided in response to the Interrogatories, Defendant expressly reserves all objections to the competency, relevance, materiality, privilege, or admissibility of any such information or documents as evidence in any subsequent proceeding or trial in this action. Defendant further reserves the right to produce additional information for evidence at trial, and to object on appropriate grounds to the introduction of all or any part of these responses.

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

1. Capital One objects to the definition of "CLASS PERIOD" as overbroad and unduly burdensome to the extent it extends beyond the statute of limitations for Plaintiffs' claims and is not relevant to any party's claim or defense and is not proportional to the needs of the case. Capital One is willing to meet and confer with Plaintiffs to discuss the appropriate definition of "CLASS PERIOD."

2. Capital One objects to the definition of "COOKIE SYNCHING" as vague and ambiguous on the grounds that Capital One does not know which websites "cooperating web sites" refers to or what is meant by "same user" as different websites have different ways of identifying users.

3. Capital One objects to the definition of "CROSS-DEVICE TRACKING" as vague and ambiguous on the grounds that Capital One does not know what it means to "track a user across various communications devices" in this context.

4. Capital One objects to the definition of "'DEFENDANT,' 'YOU,' and 'YOUR'" to the extent it purports to require Capital One to answer on behalf of any third parties. In its responses to these Interrogatories, Defendant will construe these terms to refer only to Defendant and those employees, officers, directors, agents, representatives, or persons then known by Defendant to be under its control.

5. Capital One objects to the definition of "DEPLOY" as vague and ambiguous on the grounds that Capital One does not know what "DEFENDANT'S properties" refers to. Capital One will construe this term to refer to the https://www.CapitalOne.com website and the relevant subpages at issue in the COMPLAINT that are operated by Capital One.

6. Capital One objects to the definition of "WEB-LOG DATA" and "SERVER-LOG DATA" as vague and ambiguous on the grounds that Capital One does not know what "record of DATA exchanges" means given that "exchange" is a broad term.

7. Capital One objects to the definition of "WEB PROPERTY", "WEB PROPERTIES", "WEBSITE", and "WEBSITES" as overbroad and unduly burdensome to the extent it encompasses any related webpages without limitation. Capital One will interpret this term to include the https://www.CapitalOne.com website and its subpages that are operated by Capital One.

8. Capital One objects to these Definitions and Instructions as overbroad and unduly burdensome to the extent they impose burdens on Capital One in excess of the requirements of the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

For the CLASS PERIOD, identify ALL THIRD-PARTY tracking TECHNOLOGIES (or embedded SOURCE CODE), INCLUDING but not limited to the META PIXEL and GOOGLE ANALYTICS, that YOU embedded on YOUR WEBSITE(S), and identify the date the TECHNOLOGY was first installed or embedded on YOUR WEB PROPERTIES, and the date it was removed or disabled, or whether it is still installed or disabled.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Capital One hereby incorporates its Preliminary Statement, General Objections, and Objections to Instructions and Definitions as if set forth herein. Capital One objects to this Interrogatory to the extent that it seeks information predating the class period because information about third-party technologies and source code before January 1, 2020, is irrelevant to and outside the scope of the claims at issue. Capital One further objects to this Interrogatory on the ground that it seeks information that is not readily available and would be burdensome to identify. Capital One further objects to this Interrogatory as overbroad and unduly burdensome to the extent that it requests installation dates for every webpage on the Capital One website; Capital One has provided installation dates for certain webpages identified and referenced in the Complaint and is willing to meet and confer to identify any other relevant webpages. Capital One further objects to this

| | |
|---|---|
| ███ | ██████ |
| ████████ | ████ |
| | ████████████ |
| | ██████ |
| | █████ |
| ██████ | ███████ |
| | ██████████ |
| | ████████ |
| | █████ |
| | █████ |
| | ████████████ |
| | ███████ |
| ██████ | ████████████ |
| | ██████ |
| █████ | ███████ |
| ███████ | █████ |
| ████████ | █████ |

DEFENDANT CAPITAL ONE FINANCIAL CORPORATION'S SUPPLEMENTAL RESPONSE TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES– Case No. 3:24-cv-05985

CONFIDENTIAL

| ███████ | ██ |
| ███ | ██ |

████████████████████████████████████
██████████████████████████████

| ██ | █████ | ███ | ██ |
| | | ████ | ████████ |
| | | █ | |
| ████████ | ██ | ███ | ███ |
| | ████ | ███ | ███ |
| | ██ | | |
| | ████ | ███ | ███ |
| | ███ | ███ | ███ |
| ███ | ████ | ███ | ███ |
| | ████ | ███ | ███ |
| | ██ | | |
| | █████ | ███ | ████ |
| | ██ | ███ | ███ |
| | ███ | ███ | ███ |
| | ████ | ███ | ████ |
| | ████ | | |
| | ███ | ███ | ███ |
| | ██ | | |
| ███ | ████ | ███ | ███ |
| | ██ | | |

| | | | |
|---|---|---|---|
| | ███████ ▬ | ███ | ██ |
| ██ | ██ ████ | ██ | ██ ██████ |
| ███ | ██ | ███ | ██ |
| ███ | ██ | ███ | ████ |
| ████ | ██ | ███ | ██ |
| ███ | ██ | ███ | ██ |

████████████████████████████████████████████████████
████████████████████████████

| | | | |
|---|---|---|---|
| ██ | ████ | ██ ████ █ | ██ ████ █ |
| ████ █ | ██ | ██ | ███ |
| | ████ | ██ | ███ |
| | ██ | | |
| | █████ | ██ | ███ |
| | ████ | ██ | ███ |
| ███ | ████ | ██ | ██ |
| | ████ | ██ | ███ |
| | ███ | | |
| | █████ | ██ | ██ |
| | ██ | ██ | ██ |
| | ████ | ██ | ██ |
| | ████ | ██ | ███ |
| | ████ | | |

| | | | |
|---|---|---|---|
| | ███████████ | ██████ | █████ |
| █████ | ████████ ██ | █████ | ███████ |
| | ████████ | █████ | ███████ |
| | ██ | | |
| ████ | ███████████ | ██████ | ███████ |
| █████ | █████ | ██████ | ███████ |
| █████ | █████ | ██████ | ███████ |
| ██████ | ██████ | ██████ | █████ |
| █████ | █████ | ████████ | █████ |

████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████████
███████████████████████████████████
     ████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████ █ █████ ██████ █████ █████ █ ███████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

and ambiguous because DATA is defined as "information regarding the actions that individuals take on YOUR WEBSITE(S)" and to "identify the DATA that was transmitted . . ." Capital One would need to understand the relevant individuals whose data is sought. Capital One will not provide a response to the extent this Interrogatory requests that Capital One identify all PERSONS for whom "any interactions" with Capital One's website resulted in the transmissions of "DATA or ANY information" to any third party because this information is beyond the scope of the Complaint, irrelevant to the claims and defenses in this case, and identifying all PERSONS who visited the website since 2020 is unduly burdensome and not proportional to the needs of this case. Further, Plaintiffs have refused to identify the "Personal and Financial Information" that they alleged Capital One collected and disclosed through third party tools in response to Capital One's Interrogatory No. 5, which was served on March 25, 2025. Because Capital One still does not know what information constitutes the "Personal and Financial Information" Plaintiffs alleged it collected and disclosed to third parties, Capital One is unable to respond to this Interrogatory with information relevant to the claims or defenses in this case.

Based on the objections set forth above, Capital One is not providing a response at this time. Capital One reserves the right to amend this Interrogatory Response after Plaintiffs supplement their deficient responses to Capital One's Interrogatory No. 5 to identify "Personal and Financial Information" they alleged was collected via third party tools.

**INTERROGATORY NO. 7:**

Of the PERSONS identified in response to Interrogatory Number 6, please identify the DATA that was transmitted to a THIRD-PARTY entity (such as FACEBOOK or GOOGLE) via a THIRD- PARTY tracking TECHNOLOGY or SOURCE CODE (such as the META PIXEL or GOOGLE ANALYTICS) embedded on YOUR WEBSITE(S) and/or MOBILE APPLICATIONS.

**RESPONSE TO INTERROGATORY NO. 7:**

Capital One hereby incorporates its Preliminary Statement, General Objections, and Objections to Instructions and Definitions as if set forth herein. Capital One also objects to the extent that this Interrogatory calls for information not in its possession, custody, or control. Capital One objects to this Interrogatory to the extent that it seeks information predating the class period because information about third-party technologies and source code before January 1, 2020, is irrelevant to and outside the scope of the claims at issue. Capital One further objects that this Interrogatory as compound. Capital One further objects to "YOUR…MOBILE APPLICATIONS" as vague and ambiguous on the grounds that Plaintiffs have not identified any MOBILE APPLICATIONS at issue. Capital One further objects to this Interrogatory as vague and ambiguous because DATA is defined as "information regarding the actions that individuals take on YOUR WEBSITE(S)" and to "identify the DATA that was transmitted . . ." Capital One would need to understand the relevant individuals whose data is sought.  Capital One will not provide a response to the extent this Interrogatory requests that Capital One identify all PERSONS for whom "any interactions" with Capital One's website resulted in the transmissions of "DATA or ANY information" to any third party, because this information is beyond the scope of the Complaint, irrelevant to the claims and defenses in this case, and identifying all PERSONS who visited the website since 2020 is unduly burdensome and not proportional to the needs of this case.  Further, Plaintiffs have refused to identify the "Personal and Financial Information" that they alleged Capital One collected and disclosed through third party tools in response to Capital One's Interrogatory No. 5, which was served on March 25, 2025.  Because Capital One still does not know what information constitutes the "Personal and Financial Information" Plaintiffs alleged it collected and disclosed to third parties, Capital One is unable to respond to this Interrogatory with information relevant to the claims or defenses in this case.

Based on its objections set forth above, Capital One is not providing a response at this time. Capital One reserves the right to amend this Interrogatory Response after Plaintiffs supplement

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1 ████████████████████████████████████████████████████████████
2 ████████████████████████████████
3 ████████████████
4 ████████████████████████████████████████████████████████████
5 ████████████████████████████████████████████████████████████
6 ████████████████████████████████████████████
7 ██████████████████████████████████████████
8 ██████████████████████████████████████████████
9      ████████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████
18 ██████████████████████████████████████████████████
19      ████████████████████████████████████████████████████████
20 ██████████████████████████████████████████████████████
21 ████████████████████████████████████████████████ ██████████
22 ██████████████████████ ████████████ ██████████████
23 ████████████████████████████████████████████████████████ ████
24 ██
25      ████████████████████████████████████████████
26 ████████████████████████████████████████████████
27
28

DEFENDANT CAPITAL ONE FINANCIAL CORPORATION'S SUPPLEMENTAL RESPONSE TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES– Case No. 3:24-cv-05985

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**CERTIFICATE OF SERVICE**

I declare that I am an attorney with the law firm of Covington & Burling LLP, whose address is One City Center, 850 Tenth Street, NW, Washington, DC 20001-4956. I am more than eighteen years old and not a party to this action. On August 29, 2025, I caused a true and correct copy of the foregoing document to be served on counsel for Plaintiffs in this action via electronic mail addressed as follows:

| | |
|---|---|
| Leslie Weaver<br>Anne K. Davis<br>Gregory S. Mullens<br>BLEICHMAR FONTI & AULD, LLP<br>1330 Broadway, Suite 630<br>Oakland, California 94612<br>lweaver@bfalaw.com<br>adavis@bfalaw.com<br>gmullens@bfalaw.com | J. Gerard Stranch, IV<br>Emily E. Schiller<br>STRANCH JENNINGS & GARVEY, PLLC<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville, Tennessee 37203<br>gstranch@stranchlaw.com<br>eschiller@stranchlaw.com |
| Natalie Lyons<br>Vess A. Miller<br>Lynn A. Toops<br>Emily Herrin<br>COHEN & MALAD, LLP<br>One Indiana Square, Suite 1400<br>Indianapolis, Indiana 46204<br>nlyons@cohenandmalad.com<br>vmiller@cohenandmalad.com<br>ltoops@cohenandmalad.com<br>eherrin@cohenandmalad.com | Samuel J. Strauss<br>Raina C. Borrelli<br>STRAUSS BORRELLI PLLC<br>980 N. Michigan Avenue, Suite 1610<br>Chicago, Illinois 60611<br>sam@straussborrelli.com<br>raina@straussborrelli.com |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Dated: August 29, 2025                COVINGTON & BURLING LLP

                                      By: */s/ Hannah Nelson*

                                      Hannah Nelson

**VERIFICATION**

I, Sanjay Ramaswamy, am Senior Director of Product Management at Capital One. I am the agent of Capital One for the purpose of answering Plaintiffs' First Set of Interrogatories. I have read the foregoing Defendant Capital One Financial Corporation's Supplemental Response to Plaintiffs' First Set of Interrogatories, dated August 29, 2025, and I certify that the contents thereof are true according to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated this 29th day of August, 2025.

Signed by:

*Sanjay Ramaswamy signature* — 987CEEF658EF4A6...

Sanjay Ramaswamy