# EXHIBIT A

Kathryn E. Cahoy (Bar No. 298777)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: (650) 632-4735
Email: kcahoy@cov.com

Matthew Q. Verdin (Bar No. 306713)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-7065
Email: mverdin@cov.com

*Attorneys for Defendant Capital One Financial Corporation*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VISHAL SHAH, GARY INGRAHAM, DEIA WILLIAMS, and DEVIN ROSE, individually, and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, d/b/a CAPITAL ONE, d/b/a/ CAPITAL ONE, NATIONAL ASSOCIATION, d/b/a CAPITAL ONE, N.A., d/b/a CAPITAL ONE SHOPPING<br><br>Defendant. | Case No. 3:24-cv-05985<br><br>**DEFENDANT CAPITAL ONE FINANCIAL CORPORATION'S SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS**<br><br>Judge: Hon. Trina L. Thompson |

Pursuant to Federal Rule of Civil Procedure 34, Defendant Capital One Financial Corporation ("Capital One") hereby requests that Plaintiffs Vishal Shah, Gary Ingraham, Deia Williams, and Devin Rose each produce for examination, inspection, and copying the Documents and things described below within thirty (30) days after service of this request, at the offices of Covington & Burling LLP, One City Center, 850 Tenth Street, NW, Washington, DC 20001-4956.

## DEFINITIONS

1. The "Action" means the above-captioned action, *Shah v. Capital One Financial Corporation*, in the United States District Court for the Northern District of California, Case No. 3:24-cv-05985.

2. The terms "You," "Your," and "Plaintiff" shall mean each individual named in the Complaint as a plaintiff.

3. "Capital One" refers to Defendant Capital One Financial Corporation.

4. "Complaint" means the Complaint filed in the Action on August 26, 2024. *See* ECF No. 1.

5. "Device" means laptop, desktop computer, mobile phone, tablet, or any other electronic device capable of Internet access.

6. "Relevant Time Period" shall mean January 1, 2020 to present.

7. The "Website" means www.capitalone.com and any of its subpages or subdomains.

8. "Personal and Financial Information" means nonpublic personal information and personally identifiable financial information as defined in Paragraph 1 of the Complaint.

9. "Person(s)" shall refer not only to natural persons, but also, without limitation, to firms, partnerships, corporations, associations, unincorporated associations, organizations, businesses, trusts, and/or any other type of legal entities.

10. "Document(s)" means documents, records, books, papers, contracts, memoranda, invoices, correspondence, notes, print-outs, studies, reports, manuals, photographs, drawings, charts, maps, graphs, data, data compilations, other writings, microfilm, microfiche, audio recordings (including phone records, audio tapes, audio disks, and digital audio files), video

recordings (including film, video tapes, video disks, and digital video files), electronic mail, websites, web blogs, and any other information stored in electronic form (including saved computer files, computer tapes, computer disks, computer memory and digital files, and including backup copies and deleted files on computers or computer storage devices or media), any other documents within the meaning of Federal Rule of Civil Procedure 34, each different version or copy of each document, and any attachment thereto.

11. "Communication(s)" shall mean, without limitation, the exchange or transmission of words or ideas from a Person or entity to one or more other Person(s) or entity(ies), whether accomplished Person to Person, by telephone, in writing, via e-mail, via social media platforms, or through another medium, and shall include, but is not limited to, discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, social media posts, text messages, and statements or questions. For avoidance of doubt, this term shall also have the meaning ascribed to it in the Complaint.

12. "Relating To" means concerning, reflecting, referring to, describing, evidencing, proving, disproving, summarizing, containing, analyzing, explaining, mentioning, discussing, describing, supporting, or constituting.

## **INSTRUCTIONS**

1. These requests require You to produce all Documents that are in Your actual or constructive possession, custody, or control or in the possession, custody, or control of Your attorneys, accountants, representatives, consultants, agents, employees, and any other Persons or entities acting on Your behalf or otherwise subject to Your direction or control.

2. In construing these requests, the singular shall be deemed to include the plural and vice versa, so as to make the requests inclusive rather than exclusive. The word "and" shall be deemed to include the disjunctive "or" and vice versa, so as to make the requests inclusive rather than exclusive. The past tense shall be construed to include the present and future tenses and vice versa, so as to make the requests inclusive rather than exclusive. The terms "each," "every," "all," and "any," whether used separately or together, shall be interpreted to encompass all material,

events, incidents, Documents, Persons, or information responsive to the request in which those terms appear.

3. If there is an objection to any part of a request below, the grounds of the objection and the part to which the objection applies should be identified with specificity, and Documents responsive to the remaining part(s) should be produced. You shall produce all segregable portions of any responsive Document to which a claim of privilege, attorney work-product, or other basis for withholding the Document does not apply.

4. If any Document or portion of a Document that would be responsive to a request below is not produced because of a claim of privilege or immunity, You shall serve upon the undersigned counsel for Capital One a written list that identifies each such Document and the applicable claim (*e.g.*, attorney-client privilege), provides sufficient information for Capital One to assess the applicability of privilege or protection as required by Federal Rule of Civil Procedure 26(b)(5), and otherwise complies with the Stipulated ESI Protocol in this Action.

5. You may produce legible, complete, and exact copies of the original Documents, provided that the originals be made available for inspection upon request by the undersigned counsel for Capital One. Any and all responsive Documents or data stored in electronic format shall be produced in their original unaltered format unless otherwise agreed to by the parties.

6. All Documents that constitute electronically stored information (ESI) shall be produced in compliance with the Stipulated ESI Protocol in this Action.

7. Where an identified Document is in a language other than English, state whether an English translation of such Document exists. If an English translation exists, identify and provide both the original and translated versions of the Document.

8. If there is any question as to the meaning of any part of these requests, or an issue as to whether production of responsive Documents would impose an undue burden on You, the undersigned counsel for Capital One should be contacted promptly.

9. These requests are continuing in nature so as to require supplemental production as provided by the Federal Rules of Civil Procedure in the event You obtain or discover additional

Documents between the time of the initial response to these requests and the time of the final disposition of this Action.

10. Unless otherwise specified, these requests seek information from throughout the Relevant Time Period.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 17**:

All Documents Relating To Your visits to the Website from each Device that You used to visit the Website, including but not limited to browser-related files, browsing history data, and cookies.

**REQUEST FOR PRODUCTION NO. 18**:

All Documents Relating To any web browsers used on each Device that You used to visit the Website, including cookies, browser history, settings, and plugins for each web browser.

**REQUEST FOR PRODUCTION NO. 19**:

All logs, files, or databases Relating To the use of Facebook, Instagram, or Threads on each Device that You used to visit the Website.

**REQUEST FOR PRODUCTION NO. 20**:

For any Internet browser or Device You have used, Documents sufficient to show Your settings Relating To the tracking or collection of Your data, including any settings left on default, enabled, or disabled.

**REQUEST FOR PRODUCTION NO. 21**:

Documents sufficient to show any software or tools You have used on any Device that are intended to detect, block, or limit the tracking or collection of Your data on any website or application, including but not limited to web browsers, web browser modes (*e.g.*, Google Chrome's Incognito Mode), web browser extensions (*e.g.*, ad blockers, tracker blockers), and virtual private networks ("VPNs").

**REQUEST FOR PRODUCTION NO. 22**:

All Documents Relating To Your Facebook account, as described in Paragraph 152, 161,

168, or 176 of the Complaint, and any other account that You created on Facebook, Instagram, or Threads, including but not limited to the date that You created each account and the date the account was disabled, suspended, or deleted (if any).

**REQUEST FOR PRODUCTION NO. 23**:

All Documents Relating To Your allegation that "Capital One disclosed its Customers' . . . data and Personal and Financial Information to the Third Parties, like Facebook, beginning some time prior to November 30, 2023, and at least up to June 24, 2024," as stated in Paragraphs 62, 63, and 190, including via the "archive of Pixel1's configuration, dated November 30, 2023," described in Expert_000112.

**REQUEST FOR PRODUCTION NO. 24**:

All Communications between You and Facebook, Meta, Instagram, and/or Threads, including any information You provided to Facebook, Meta, Instagram, and/or Threads, or that Facebook, Meta, Instagram, and/or Threads provided to You.

**REQUEST FOR PRODUCTION NO. 25**:

All Documents Relating To the collection or sharing of information You provided to Facebook, Meta, Instagram, and/or Threads, including privacy policies, notices of privacy practices, terms of use, or other terms, policies, or disclosures.

**REQUEST FOR PRODUCTION NO. 26**:

All Documents Relating To any credit card application or pre-approval application that You submitted on the Website on any date (*i.e.*, applications submitted within or outside the Relevant Time Period), including but not limited to the type of application, date of the application, the Device used, the website browser that You used, and Your location.

**REQUEST FOR PRODUCTION NO. 27**:

All Documents that purport to govern the relationship between You and any service provided by Meta (*e.g.*, Facebook, Instagram, Threads), Google (*e.g.*, Google Chrome, Gmail), Microsoft, Adobe, and/or any of the other entities identified in Paragraph 1 of the Complaint,

including privacy policies, notices of privacy practices, terms of use, or other terms, policies, or disclosures.

**REQUEST FOR PRODUCTION NO. 28**:

All Documents Relating To Your allegation that Capital One "failed to disclose to Plaintiffs and Class Members that their sensitive Personal and Financial Information would be intercepted, collected, used by, and disclosed to Third Parties," as stated in Paragraph 192 of the Complaint.

**REQUEST FOR PRODUCTION NO. 29**:

All Documents Relating To Your allegation that You "could not with due diligence have discovered the full scope of Capital One's conduct," as stated in Paragraph 193 of the Complaint.

**REQUEST FOR PRODUCTION NO. 30**:

All Documents Relating To Your allegation that "Capital One was under a duty to disclose the nature and significance of its data collection practices but did not do so," as stated in Paragraph 194 of the Complaint.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents that You intend to use or rely on to support Your class allegations in this action.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents Relating To Your allegation that Your claims are typical of the claims of the members of the proposed class.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents Relating To Your allegation that You will adequately represent the proposed class.

**REQUEST FOR PRODUCTION NO. 34:**

All pleadings and other Documents Relating To any civil lawsuit, bankruptcy proceeding, criminal proceeding, administrative proceeding, or similar action in which You have been or are currently a party, including but not limited to putative class actions in which You sought to be or

were appointed a class representative under Federal Rule of Civil Procedure 23 or other similar state rules.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents Relating To notices, solicitations, or advertisements from or by Your counsel seeking Your or other individuals' participation in this lawsuit and/or any ongoing or future lawsuit, whether against Capital One or any other entity.

| | |
|---|---|
| Dated: August 26, 2025 | COVINGTON & BURLING LLP |
| | By: */s/ Kathryn E. Cahoy* |

Kathryn E. Cahoy (Bar No. 298777)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: (650) 632-4735
Email: kcahoy@cov.com

Matthew Q. Verdin (Bar No. 306713)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-7065
Email: mverdin@cov.com

Andrew Soukup (*pro hac vice*)
Marianne Spencer (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5066
Email: asoukup@cov.com
Email: mspencer@cov.com

*Attorneys for Defendant Capital One Financial Corporation*

# CERTIFICATE OF SERVICE

I declare that I am an attorney with the law firm of Covington & Burling LLP, whose address is 3000 El Camino Real, 5 Palo Alto Square, 10th Floor, Palo Alto, CA 94306-2112. I am more than eighteen years old and not a party to this action. On August 26, 2025, I caused a true and correct copy of the foregoing document to be served on counsel for Plaintiffs in this action via electronic mail addressed as follows:

| | |
|---|---|
| Leslie Weaver<br>Anne K. Davis<br>Gregory S. Mullens<br>BLEICHMAR FONTI & AULD, LLP<br>1330 Broadway, Suite 630<br>Oakland, California 94612<br>lweaver@bfalaw.com<br>adavis@bfalaw.com<br>gmullens@bfalaw.com | J. Gerard Stranch, IV<br>Emily E. Schiller<br>STRANCH JENNINGS & GARVEY, PLLC<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville, Tennessee 37203<br>gstranch@stranchlaw.com<br>eschiller@stranchlaw.com |
| Natalie Lyons<br>Vess A. Miller<br>Lynn A. Toops<br>Emily Herrin<br>COHEN & MALAD, LLP<br>One Indiana Square, Suite 1400<br>Indianapolis, Indiana 46204<br>nlyons@cohenandmalad.com<br>vmiller@cohenandmalad.com<br>ltoops@cohenandmalad.com<br>eherrin@cohenandmalad.com | Samuel J. Strauss<br>Raina C. Borrelli<br>STRAUSS BORRELLI PLLC<br>980 N. Michigan Avenue, Suite 1610<br>Chicago, Illinois 60611<br>sam@straussborrelli.com<br>raina@straussborrelli.com |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Dated: August 26, 2025

COVINGTON & BURLING LLP

By: */s/ Hannah K. Nelson*

Hannah K. Nelson