J. Gerard Stranch, IV (*pro hac vice*)
Emily E. Schiller (*pro hac vice* forthcoming)
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
gstranch@stranchlaw.com
eschiller@stranchlaw.com

Natalie Lyons, No. 293026
Vess A. Miller, No. 278020
Lynn A. Toops (*pro hac vice*)
Lisa M. La Fornara (*pro hac vice*)
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
vmiller@cohenmalad.com
llafornara@cohenmalad.com

*Attorneys for Plaintiffs and the Proposed Class*
*[Additional counsel on signature page]*

Kathryn E. Cahoy (Bar No. 298777)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
(650) 632-4735
kcahoy@cov.com

Andrew Soukup (*pro hac vice*)
Marianne Spencer (*pro hac vice*)
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-5066
asoukup@cov.com
mspencer@cov.com

Matthew Q. Verdin (Bar No. 306713)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-7065
mverdin@cov.com

*Attorneys for Defendant Capital One Financial Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| VISHAL SHAH, GARY INGRAHAM, and DEIA WILLIAMS, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, d/b/a CAPITAL ONE, d/b/a CAPITAL ONE, NATIONAL ASSOCIATION, d/b/a CAPITAL ONE, N.A., d/b/a CAPITAL ONE SHOPPING,<br><br>Defendant. | Case No. 3:24-cv-05985-TLT<br><br>**PARTIES' JOINT STATEMENT CONCERNING PLAINTIFFS' REQUEST FOR AN EXTENSION OF TIME TO CASE MANAGEMENT DEADLINES**<br><br>Judge: Hon. Trina L. Thompson |

1   Pursuant to ¶ 16 of Judge Thompson's Standing Civil Order, the parties submit this joint statement concerning Plaintiffs' request to extend the fact discovery cut-off deadline by 2 weeks and expert discovery deadlines by 1 week. Pursuant to Civil Local Rule 7-11, this request is brought at least 7 days before the expiration of any deadline for which an extension is requested and would have no impact on other deadlines. The parties met and conferred over this request on October 28, and Capital One opposes Plaintiffs' request. The parties offer their positions below.

<u>Plaintiffs' Position</u>: Plaintiffs believe good cause for the modest extension exists for three reasons. <u>First</u>, Capital One's document production is ongoing and unlikely to finish by the November 7 deadline. As recently as October 22, Capital One supplemented its production to Plaintiffs' First Request for Production, served in January 2025. Nor has it confirmed, as required under Magistrate Judge Kim's standing order, that its production is complete. Capital One is also still supplementing its responses to Interrogatories and did so as recently as October 23. These eleventh-hour supplementations will likely require corrective discovery.

<u>Second</u>, there remain substantial unresolved discovery deficiencies, some of which the parties are attempting to address informally and others which will require Court intervention. Defendant has committed to remedying some discovery deficiencies, but it refuses to commit to a timeline for correction or proposes delays beyond a week. For instance, Defendant has still not produced the requested Adobe Analytics Report discussed at the October 6 hearing—which were responsive Requests for Production 10, 11, 39, 40, and 55 (served in January 2025)—and, as of October 31, it cannot confirm when the report can be produced. The parties continue to informally resolve other disputed issues, like insufficient responses to Plaintiffs' requests for admissions and repeated privilege-withholding/redaction issues. For example, the parties are working toward a stipulation to resolve an issue involving a witness designated under Plaintiffs' Rule 30(b)(6) notice who was unprepared to testify on Topic 2. If no agreement is reached, Plaintiffs will seek to reschedule the deposition on that topic. Finally, the parties will seek Court intervention on other issues, including the designated witness's lack of preparation to testify on Topic 18 of the Rule 30(b)(6) notice and deficiencies as to Capital One's interrogatory responses. All told, these problems are unlikely to be fully resolved by the November 7 cut-off.

1

PARTIES' JOINT STATEMENT CONCERNING PLAINTIFFS' REQUEST FOR AN EXTENSION OF TIME TO CASE MANAGEMENT DEADLINES – 24-cv-05985-TLT

Third, the parties are engaged in third-party discovery that will likely go beyond the current discovery schedule. Plaintiffs have subpoenaed Google, Meta, and Adobe, and are coordinating with their counsel on responses. Capital One, for its part, subpoenaed Plaintiffs' non-testifying expert, which is the subject of a motion to quash pending in the Western District of Texas and set for hearing on November 13. The parties have agreed that, if the motion is denied, the deposition may proceed out of time, but this agreement suggests Defendant will not endure prejudice by a brief extension of time to the discovery deadlines.

As this sampling makes clear, there is still plenty of work left to do. Plaintiffs have little confidence that discovery can be wrapped up on time without the requested extension.

Defendant's Position:  It has become crystal clear that Plaintiffs' allegations are unfounded, as confirmed by their inability to describe the data that Capital One purportedly shared, *see* ECF No. 112. There is no good cause to permit fact discovery to remain open any longer.

*First*, all outstanding discovery issues are on track to be completed by the November 7 deadline, and this Court should not extend the fact discovery deadline based on Plaintiffs' speculation that Capital One cannot finish providing fact discovery when Capital One intends to do exactly that.  Capital One is committed to completing fact discovery by the current discovery deadlines, including by supplementing responses and productions as necessary, and—as of early October—substantially completing its production and producing more than 7,500 responsive documents.  *See* ECF 97.  Plaintiffs have also taken or scheduled nine Capital One depositions, all of which will be complete by Nov. 7 as well.  Capital One's discovery efforts are especially impressive because, in response to multiple daily email informal discovery demands seeking information not included in Plaintiffs' formal discovery requests (which total triple-digits alone), Capital One is working to produce those documents anyway.  The Adobe reports mentioned above are a perfect example: contrary to Plaintiffs' assertion here, Plaintiffs demanded that information via email for the first time in September (not in Plaintiffs' cited RFPs), and Capital One *did* produce the reports—after a burdensome process.  The fact that Plaintiffs then claimed they were looking for something different only confirms why fact discovery needs to end:  discovery can be finished on

schedule, Plaintiffs will seek to use the time to make new, late-breaking, ad hoc and informal requests without any connection to their requests for production.

*Second*, to the extent there is a delay in the resolution of discovery-related issues, it is self-inflicted. For example, Plaintiffs point to third-party discovery going beyond the current schedule, but they waited until late September to serve subpoenas on Meta, Adobe, and Google. In a case involving allegations that information was improperly shared with third parties, nothing prevented Plaintiffs from seeking this information sooner, and Plaintiffs' delay in seeking this information is no justification for an extension of time. Further, in early October—after Capital One had already substantially completed production of documents in response to more than 90 requests—Plaintiffs served four more sets of written discovery requests. Capital One is nevertheless working to respond to those requests, and as Plaintiffs acknowledge, there is no dispute over these requests that is ready for Judge Kim to resolve. Against the backdrop of Plaintiffs' inability to identify what information Capital One has supposedly shared without their permission, it is apparent that this late-breaking discovery amounts to an impermissible fishing expedition after the theory that survived a motion to dismiss completely failed to pan out. Having failed to use their time in discovery efficiently and to develop their claims as alleged, Plaintiffs cannot point to belatedly served unreasonable discovery requests with minimal or tangential relevance to the facts of the case to ostensibly build a false record of needing more time.

*Third, and finally*, if there were discovery disputes outstanding that required Judge Kim's resolution, that does not provide a basis to extend the fact discovery deadline. In no unclear terms, this Court's standing order requires the parties to "allow sufficient time for the assigned Magistrate Judge to resolve discovery disputes before the close of discovery," and warns that "the Court will not extend case deadlines based on a pending discovery dispute," like Plaintiffs contemplate here. Judge Thompson Standing Order at ¶ 22. Plaintiffs offer no explanation why an exception to that rule is warranted here.

Capital One respectfully urges this Court not to reward Plaintiffs' self-imposed delay and eschewal of procedural requirements with an extension, for which there is no good cause.

3
PARTIES' JOINT STATEMENT CONCERNING PLAINTIFFS' REQUEST FOR AN EXTENSION OF TIME TO CASE MANAGEMENT DEADLINES – 24-cv-05985-TLT

| | |
|---|---|
| Dated: October 31, 2025 | Respectfully submitted, |
| By: */s/ J. Gerard Stranch, IV* | By: */s/ Kathryn E. Cahoy* |
| J. Gerard Stranch, IV (*pro hac vice*) | Kathryn E. Cahoy (Bar No. 298777) |
| Emily E. Schiller (*pro hac vice* forthcoming) | COVINGTON & BURLING LLP |
| STRANCH, JENNINGS & GARVEY, PLLC | 3000 El Camino Real |
| 223 Rosa L. Parks Avenue, Suite 200 | 5 Palo Alto Square, 10th Floor |
| Nashville, Tennessee 37203 | Palo Alto, CA 94306-2112 |
| (615) 254-8801 | (650) 632-4735 |
| gstranch@stranchlaw.com | kcahoy@cov.com |
| eschiller@stranchlaw.com | |
| | Matthew Q. Verdin (Bar No. 306713) |
| By: */s/ Lesley E. Weaver* | COVINGTON & BURLING LLP |
| Lesley E. Weaver, No. 191305 | Salesforce Tower |
| Anne K. Davis, No. 267909 | 415 Mission Street, Suite 5400 |
| BLEICHMAR FONTI & AULD LLP | San Francisco, CA 94105-2533 |
| 1330 Broadway, Suite 630 | (415) 591-7065 |
| Oakland, California 94612 | mverdin@cov.com |
| (415) 445-4003 | |
| lweaver@bfalaw.com | Andrew Soukup (*pro hac vice*) |
| adavis@bfalaw.com | Marianne Spencer (*pro hac vice*) |
| | COVINGTON & BURLING LLP |
| Lynn A. Toops (*pro hac vice*) | 850 Tenth Street, NW |
| Natalie Lyons, No. 293026 | Washington, DC 20001-4956 |
| Vess A. Miller, No. 278020 | (202) 662-5066 |
| Lisa M. La Fornara (*pro hac vice*) | asoukup@cov.com |
| COHENMALAD, LLP | mspencer@cov.com |
| One Indiana Square, Suite 1400 | |
| Indianapolis, Indiana 46204 | *Attorneys for Defendant Capital One Financial Corporation* |
| (317) 636-6481 | |
| ltoops@cohenmalad.com | |
| nlyons@cohenmalad.com | |
| vmiller@cohenmalad.com | |
| llafornara@cohenmalad.com | |

Samuel J. Strauss (*pro hac vice* forthcoming)
Raina C. Borrelli (*pro hac vice*)
STRAUSS BORRELLI, PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
(872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

*Attorneys for Plaintiffs and the Proposed Classes*

---

4
PARTIES' JOINT STATEMENT CONCERNING PLAINTIFFS' REQUEST FOR AN EXTENSION OF TIME TO CASE MANAGEMENT DEADLINES – 24-cv-05985-TLT

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of October, 2025, at Oakland, California.

                                        */s/ Lesley E. Weaver*
                                         Lesley E. Weaver

5

PARTIES' JOINT STATEMENT CONCERNING PLAINTIFFS' REQUEST FOR AN EXTENSION OF TIME TO CASE MANAGEMENT DEADLINES – 24-cv-05985-TLT