**Via ECF**

November 5, 2025

The Honorable Sallie Kim
U.S. District Court for the Northern District of California
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:     *Shah v. Capital One Financial Corp.*, No. 3:24-cv-05985-TLT-SK
              **Joint Discovery Letter re: Defendant's Withholding of Redacted Documents on Privilege Grounds and Refusal to Allow an Inspection**

Dear Judge Kim:

      Pursuant to this Court's Standing Order, Plaintiffs Vishal Shah, Gary Ingraham, and Deia Williams, (collectively, "Plaintiffs") and Defendant Capital One Financial Corporation ("Capital One") submit this joint letter concerning two discovery issues. Pursuant to Section 9 of the Northern District's Guidelines for Professional Conduct, the parties met and conferred via Microsoft Teams on October 30, 2025, and declared impasse on these issues.

      <u>First</u>, Plaintiffs dispute 45 redactions that were designated in Capital One's privilege log as redacted for attorney-client privilege. <u>Second</u>, Plaintiffs dispute Defendant's objections and refusal to permit an inspection pursuant to Federal Rule of Civil Procedure 34.

      The parties' discovery deadline is set for November 7, and the parties appreciate the Court's attention to this matter.

Dated: November 5, 2025

  /s/ J. Gerard Stranch, IV                     /s/ Kathryn Cahoy

*Counsel for Plaintiffs and the Proposed Classes*          *Attorney for Defendant Capital One Financial Corporation*

I.      **Plaintiffs' Position**

      A.      **The Court should lift the redactions as to 45 documents.**

Over the past few months, Capital One has produced a range of ***business*** documents—presentations, spreadsheets, and Slack messages—riddled with redactions. None of them involved lawyers, reflected legal advice, or even hinted at an attorney's role. Yet Capital One claims attorney-client privilege. The law is clear: "the party claiming privilege must make a clear showing that the communication was made for the purpose of obtaining or providing legal advice." *City of Roseville Emps.' Ret. Sys. v. Apple Inc.*, 2022 WL 3083000, at *9 (N.D. Cal. Aug. 3, 2022). Capital One's October 2 privilege log, produced only after repeated requests from Plaintiffs to do so, doesn't come close to meeting that burden for 45 entries (Entry Nos. 31, 32, 43, 46, 64–67, 69, 71, 73–74, 77–80, 82, 85–86, 88–93, 97, 99–102, 104, 106–112, 114–116, 118–122). *See In re California Bail Bond Antitrust Litig.*, 778 F. Supp. 3d 1051, 1057–58 (N.D. Cal. 2025). Plaintiffs flagged the same privilege-log problems again and again, and Capital One refused to fix a thing. Now, after stonewalling, it dangles vague promises to "revise" or "add information" that say nothing about what would actually change—all talk and no game, meant only to run out the clock on Plaintiffs' ability to challenge its baseless privilege claims. The Court should cut through Capital One's posturing and order the redactions removed or, at minimum, conduct an in camera review to see whether any privilege actually applies. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1072, 1075 (9th Cir. 1992).

As a threshold problem, for most of these entries—excluding 74, 88–90, 97, 100, 104, 106–11, 113, and 120—the privilege log never identifies the attorney whose advice is supposedly at issue. Instead, it offers a stock phrase that the documents "contain[] substantive legal advice from the Legal Department." But simply invoking the "Legal Department" is not enough to establish attorney-client privilege for in-house counsel. *See In re Kia Hyundai Vehicle Theft Mktg., Sales*

*Practices & Prods. Liab. Litig.*, 2025 WL 2639195, at *4–5 (C.D. Cal. Sept. 5, 2025) (courts have "repeatedly cautioned" that vague references to "legal" or "legal department" are inadequate). The reason is simple: the presumption that communications with outside counsel are privileged doesn't automatically extend to in-house counsel. *See U.S. v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). When in-house lawyers are involved, more detail is required to meet the higher burden of proving privilege. *See Apple Inc.*, 2022 WL 3083000, at *9.

On this threshold issue alone, Capital One falls short. In *In re Kia*, the court found a defendant's privilege log insufficient where it included vague references to the legal department "without identifying any attorney participant or demonstrating that the communications were made for the purpose of obtaining legal advice." 2025 WL 2639195, at *5. The same goes here. Capital One's log includes "vague references suggest[ing] that the information originated from, or was requested by, the 'Legal Department' without identifying any specific counsel." *Id.* at *4. That is not enough to meet its burden to show the privilege applies.

The other deficiencies, which Capital One refused to correct, that warrant lifting the redactions fall between two buckets. **First**, Capital One redacted certain information in 35 different PowerPoint presentations asserting in conclusory fashion, that these "presentations" purportedly contained "substantive legal advice from the Legal Department." (Entry Nos. 31, 32, 43, 69, 71, 73, 74, 77-80, 82, 85, 86, 88-90, 92, 95-97, 100, 101, 106-110, 112, 115, 116, 118, 119, 121, 122). Setting aside Capital One's vague use of "Legal Department," its entries do not clearly show, as required, how they involve "communications for the purpose of obtaining or providing legal advice." *Apple Inc.*, 2022 WL 3083000, at *9. The presentations, instead, are business-oriented presentations—which Capital One does not dispute—presented by non-lawyers to other non-lawyers, that may, at best, reference or touch upon a legal compliance matter. But the attorney-

3

client "[p]rivilege does not descend like a giant fog bank over every document that is in some way connected with an effort to achieve legal compliance." *Epic Games, Inc. v. Apple, Inc.*, 2024 WL 4947269, at *1 (N.D. Cal. Dec. 2, 2024); *Stevens v. Corelogic*, 2016 WL 397936, at *5 (S.D. Cal. Feb. 2, 2016) (concluding attorney-client privilege does not cover "generic descriptions of the law as it might apply" to a party). Nor does Defendant's privilege log reflect that the Legal Department "ever received or reviewed" the presentations. *MediaTek Inc. v. Freescale Semiconductor, Inc.*, 2013 WL 5594474, at *4 (N.D. Cal. Oct. 10, 2013). These redactions are therefore improper.

*Second*, Capital One improperly redacted certain portions of spreadsheets which, like the presentations, share no clear connection to legal advice. Defendant's privilege log does not help clarify. All it says is that some spreadsheets were "prepared at the direction of counsel" or "contain[] substantive legal advice." That insufficient narrative does not explain which lawyers were involved, whether the purported "legal advice" was in response to or in preparation for litigation, or whether this advice or request even originated from an attorney. *See MediaTek*, 2013 WL 5594474, at *4 (finding explanation "that the report was requested by . . . general counsel does not establish that the report was created primarily to facilitate legal advice or because of the need for legal advice" because in-house counsel "are often extensively involved in business matters").

Although the Court should order the redactions lifted because Capital One has not met its burden to show the attorney-client privilege applies to these documents, the Court should at least review the redactions *in camera*. The threshold for warranting such review "is not high." *Apple Inc.*, 2022 WL 3083000, at *4. Here, such review is justified. The documents sought—mostly presentations or spreadsheets—are not documents that ordinarily are privileged and are documents "primarily for business purposes rather than to seek or provide legal advice." *Id.* at *19.

4

### B. Defendant's objections to a Rule 34 inspection lack merit.

Because Capital One still refuses to produce the reports from its third-party technologies that would show what it tracks and transmits, Plaintiffs turned to a Rule 34 inspection, limited to the five dashboards on Capital One's systems that would contain this information. These reports are eminently relevant, showing what data Capital One collected and transmitted, and were responsive to Plaintiffs' discovery requests served back in January. So, Plaintiffs noticed an inspection for October 31. *See* Exs. B, C. As the date of the inspection drew closer, Plaintiffs sought to meet and confer on logistics. But Capital One refused, insisting it had thirty days to respond. After running out the clock, it served a set of boilerplate objections—mostly griping about timing—and denied the request outright. *See* Ex. D. Those timing objections don't hold water. Discovery is timely if it can be completed before the cutoff, and this request easily meets that—Plaintiffs served it more than thirty days before the discovery cut off. *See Southgate Shopping Center, Inc. v. Cincinnati Casualty Co.*, 2021 WL 6752263, at *2 (W.D. Ark. Sept. 17, 2021).

Apart from timing, Capital One's complaint that Plaintiffs failed to spell out "logistics" like security is especially rich—it refused to discuss them. Plaintiffs aren't asking for a blank check to "root around" in Capital One's systems; they want to inspect five specific dashboards tied to the tracking technologies. It is difficult to imagine a more particular way to define the request for the purposes of the Rule 34 notice. And the proposed inspection bears no resemblance to what Capital One likens it to—a sweeping order to "forensically copy hard drives and other devices" from a state agency. *See John B. v. Goetz*, 531 F.3d 448, 452 (6th Cir. 2008). Still, Plaintiffs offered to define clear parameters, but at the meet-and-confer, Capital One crossed its arms, flatly refusing to consider the possibility. Capital One cannot excuse itself from discovery. And, in any event, it never raised these concerns in its objections, waiving them. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). The Court should order the inspection.

## II.     Defendant's Position

### A.     Capital One's redactions of privileged information are proper.

Capital One's limited redactions within a very small portion of its document productions are proper because these documents include legal advice or requests for legal advice. The fact that certain redactions describe the legal advice in question, and are not the communicated advice itself, does not vitiate the privilege. *See Alexander v. FBI*, 186 F.R.D. 154, 161 (D.D.C. 1999) (documents that "describe[] communications from attorneys or [that] are based on such communications" are privileged). Because Capital One's redactions are proper and its privilege log entries (which was timely served consistent with the provisions of the ESI Order) contain all the necessary information to assess the privilege, the Court should deny Plaintiffs' improper attempt to invade Capital One's privilege. Should the Court determine the log is insufficient, it should order revisions to the log or the submission of additional information, which is what Capital One offered to Plaintiffs, but they rejected that offer. There is no basis to order Capital One to reveal privileged information based on Plaintiffs' speculation alone.

None of Plaintiffs' challenges has merit. *First*, Plaintiffs challenge logged entries for presentations and spreadsheets noting the documents contain "substantive legal advice from the Legal Department" or "reflect[] a request for legal advice." These entries are proper because documents that "memorialize[] and reflect[] legal advice rendered in a privileged conversation" are likewise privileged. *Baxter Healthcare Corp. v. Fresenius Medical Care Holding, Inc.*, 2009 WL 533124, at *1 (N.D. Cal. Mar. 3, 2009); *see also Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016) (collecting cases). Redacting snippets of presentations or spreadsheets that summarize or reflect legal advice is proper because revealing the memorialized advice "would have the same inhibiting effect on the client as asking him directly to state what he told the attorney in confidence." *Id*.

*Second*, contrary to Plaintiffs' suggestion, referencing Capital One's "Legal Department" on a privilege log instead of a named attorney does not render those communications unprotected. The "failure to identify a particular attorney" does not defeat a claim of privilege, *Crews v. Rivian Auto, Inc.*, 2025 WL 365796, at *2 (C.D. Cal. Jan. 23, 2025), because the name is not needed to assess the privilege—especially when it is "not uncommon for corporate employees to not identify a specific attorney" when communicating internally," *In re Diisocyanates Antitrust Litig.*, 2024 WL 4265185, at *1 (W.D. Pa. Aug. 27, 2024) (collecting cases). Here, all of Capital One's entries include the necessary information to assess privilege. *See, e.g.*, Ex. A at 4 (entry 43 describes a redaction from a presentation that "reflect[s] a request for legal advice regarding regulatory risk"); *id.* at 13 (entry 122 explains that redacted information contains "substantive legal advice from the Legal Department regarding customer privacy policies and procedures"). As these examples illustrate, the log describes the document, why it is privileged, and the topic of the advice—enough for the privilege to apply. *See, e.g.*, Fed. R. Civ. P. 26(b)(6) (only requiring description of "the nature of the . . . communications . . . not produced or disclosed" in manner that allows parties to assess privilege claim); *In re Diisocyanates*, 2024 WL 4265185, at *1 (denying privilege objections challenging use of "legal department").

*Finally*, Plaintiffs' speculation that these are solely business, and not legal communications, can be rejected. Where, as here, the privilege log reveals that "at least a primary purpose" of the redacted information was to provide or solicit legal advice, the material is privileged. *See Crews*, 2025 WL 365796, at *2 (collecting cases).

For all of these reasons, Plaintiffs' objections to Capital One's redactions should be denied.

### B.     Plaintiffs' Rule 34 Request for Inspection Is Facially Invalid.

The Court should reject Plaintiffs' incomprehensible and unnecessary eleventh-hour request to inspect Capital One's computer "dashboards" because the request fails to comply with

7

Rule 34 and is unduly burdensome, overbroad, and disproportional to the present needs of the case. Plaintiffs' belated request to root around in Capital One's systems does not explain how the unfettered inspection of these undefined "dashboards" would be carried out or how they could be completed while safeguarding Capital One's sensitive systems and confidential information (including of absent class members who have not authorized Plaintiffs' counsel to access their information). These concerns were made clear in Capital One's objections and on the parties' conferral on October 30, yet Plaintiffs had no response then, and grossly mischaracterize the complexity of their request and the intrusion at issue now. Nor could the parties have been reasonably expected to make such arrangements in the one week between when Plaintiffs demanded the inspection occur and the close of fact discovery—a problem entirely of Plaintiffs' own making by inexplicably waiting until the close of discovery to serve this request. *Cf. Memry Corp. v. Kentucky Oil Tech., N.V.*, 2007 WL 832937, at *4 (N.D. Cal. Mar. 19, 2007) ("[I]t is too late in the game to be designing a protocol for an independent consultant to search hard drives.").

Plaintiffs ignore that their request to traverse through Capital One's systems—and access sensitive information of Capital One and its customers—is unnecessary. Plaintiffs first asked informally for certain reports from third-party technologies in September (not in January), and then served their inspection request less than three weeks later. Capital One committed to work in good faith to produce these reports voluntarily—and, contrary to Plaintiffs' representations, already *has produced* some—and is investigating what other reports, if any, can be produced.

Viewed against these efforts, this request for unlimited access to these computer systems should be rejected. Rule 34 does not "create a routine right of access to a party's electronic information system," and courts must "guard against undue intrusiveness resulting from [such] inspecting or testing." *Barten v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 11549607, at *2 (D.

8

Ariz. Aug. 8, 2013). "Because [inspection requests] must be within the scope of Rule 26(b), the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection." *Phoenix v. Toyota Arena LLC*, 2025 WL 1356971, at *3 (C.D. Cal. Feb. 14, 2025) (quotation omitted). For these reasons, courts regularly deny requests like this one, because these kinds of inspections should be "employed in very limited set of circumstances," and must focus on addressing "significant privacy and confidentiality concerns." *John B. v. Goetz*, 531 F.3d 448, 459–60 (6th Cir. 2008) (collecting cases); *see also Barten*, 2013 WL 11549607, at *2 (refusing to order inspection of various computer systems").

No such showing has been or could be made here. Plaintiffs make no effort to articulate either the relevance of the information they seek to inspect (and they could not do so when the parties conferred) or why they waited until the end of discovery to seek it. And Plaintiffs' request fails to comply with Rule 34(b)'s requirement to "describe with reasonable particularity each item or category of items to be inspected." Plaintiffs requested the inspection of five "dashboards relating to [Capital One's] tracking technology" on various webpages, without defining what any of that means, what technologies it refers to, any temporal limitations, or any suggestion as to what Plaintiffs' expert would or would not be allowed to do, turning Plaintiffs' request into an open-ended invitation to root around in Capital One's systems without limit. This is exactly the kind of sweeping request that courts reject. *See, e.g.*, *Barten*, 2013 WL 11549607, at *2; *Kogot v. L.L.J., Inc.*, 2005 WL 8156174, at *2 (N.D. Ga. Mar. 10, 2005) (denying unnecessary and burdensome request for inspection of computer drive and collecting cases doing same). Finally, Plaintiffs' suggestion that a quickly assembled protocol (which they never proposed) could address Capital One's concerns is belied by the fact that the parties to took months to negotiate a protocol for a much simpler request to inspect Plaintiffs' devices. The Court should reject Plaintiffs' request.

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of November, 2025, at Oakland, California.

                                             */s/ Lesley E. Weaver*
                                             Lesley E. Weaver