# EXHIBIT E

Kathryn E. Cahoy (Bar No. 298777)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
(650) 632-4735
kcahoy@cov.com

Matthew Q. Verdin (Bar No. 306713)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-7065
mverdin@cov.com

*Attorneys for Defendant Capital One Financial
Corporation*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VISHAL SHAH, GARY INGRAHAM, and DEIA WILLIAMS,<br>Individually, and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, d/b/a CAPITAL ONE, d/b/a CAPITAL ONE, NATIONAL ASSOCIATION, d/b/a CAPITAL ONE, N.A., d/b/a CAPITAL ONE SHOPPING,<br><br>Defendant. | Case No. 3:24-cv-05985-TLT-SK<br><br>**DEFENDANT CAPITAL ONE FINANCIAL CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' AMENDED REQUEST FOR INSPECTION OF DEFENDANT'S DASHBOARDS**<br><br>Judge: Hon. Trina L. Thompson |

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the

2    United States District Court for the Northern District of California, Defendant Capital One Financial

3    Corporation ("Capital One" or "Defendant"), by its undersigned counsel, hereby responds and objects to

4    Plaintiffs Vishal Shah's, Gary Ingraham's, and Deia Williams' ("Plaintiffs") Amended Request for

5    Inspection of Defendant's Dashboards as follows:

6    **PRELIMINARY STATEMENT**

7    Capital One has not fully completed its investigation into this action, discovery in this action, or

8    preparation for potential motions and trial. Capital One's responses are based upon and necessarily limited

9    to records and information still in existence, presently available, and obtained in the course of preparing

10   these responses. Consequently, although these responses are complete to the best of Capital One's

11   knowledge, Capital One expressly reserves the right to change, amend, modify, or supplement these

12   responses in the event of error, mistake, or omission, and as Capital One ascertains additional facts, makes

13   analyses, completes legal research, or obtains documents. Capital One also reserves the right to make any

14   changes to these responses if, at any time, additional or more accurate information or documents become

15   available, and to establish at a later date any additional facts that may be contained within or discovered

16   as a result of any additional documents.

17   No incidental or implied admissions are intended by these responses. The fact that Capital One has

18   responded or objected to any Request or part thereof shall not be deemed an admission that Capital One

19   accepts or admits the existence of any facts set forth or assumed by such Request, or that the response or

20   objection constitutes admissible evidence. The fact that Capital One has answered part or all of any

21   Request is not intended to be, and shall not be construed as, a waiver by Capital One of any part of any

22   objection to any Request.

23   **SPECIFIC OBJECTIONS AND RESPONSE TO REQUESTS FOR INSPECTION OF**

24   **DEFENDANT'S DASHBOARDS**

25   **REQUEST FOR INSPECTION:** Plaintiffs Vishal Shah, Gary Ingraham, Deia Williams, and

26   Devin Rose, by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 26

27   and 34, request that Defendant Capital One Financial Corporation, d/b/a Capital One, d/b/a Capital One,

28   National Association, d/b/a Capital One, N.A., d/b/a Capital One Shopping (hereinafter "Capital One")

2

1    produce for inspection the following dashboards beginning on October 31, 2025, at 10:00 a.m. EST via

2    Zoom relating to its tracking technology on Capital One's landing page, Capital One's credit card pages,

3    Capital One's credit card application pages, and Capital One's credit card pre-approval application pages:

4           1. Google Analytics;

5           2. Adobe Analytics;

6           3. Meta Events Manager dashboard;

7           4. Tealium Insights dashboard; and

8           5. Ensighten privacy dashboard.

9           The inspection shall be conducted by Plaintiffs' consulting expert and attended by counsel for

10   Plaintiffs and Capital One. During the inspection, Plaintiffs' consulting expert and counsel will be granted

11   access to the dashboards by Capital One, and the inspection shall take place over recorded Zoom

12   session(s). The inspection shall continue from day to day until the inspection has been completed.

13          **RESPONSE:**  Capital One hereby incorporates its Preliminary Statement.  Further, Capital One

14   objects that this Request is vague and ambiguous in its use of the terms "tracking technology,"

15   "dashboard," and "landing page," none of which are defined.  Capital One further objects to this request

16   as inconsistent with Federal Rule of Civil Procedure 34(b) in that it fails to describe "Google Analytics

17   Dashboard," "Adobe Analytics Dashboard," "Meta Events Manager dashboard," "Tealium Insights

18   dashboard," and "Ensighten privacy dashboard" with reasonable particularity.  Capital One further objects

19   to this request as inconsistent with Federal Rule of Civil Procedure 34(b)(1)(B) in that the unilaterally

20   selected date for the inspection, October 31, 2025, is unreasonable because it is one day after the responses

21   and objections to this request are due and does not allow for the parties to meaningfully confer.  Capital

22   One further objects to this request as overbroad and not proportional to the needs of the case as it does not

23   establish any temporal limitations on the scope of its inspection or the items to be inspected.  Capital One

24   objects to this request as unduly burdensome, including because Plaintiffs delayed serving this broad

25   request until 39 days before the close of fact discovery at a time when Capital One is working diligently

26   to respond to Plaintiffs' numerous other belated requests and to complete the 10 depositions Plaintiffs

27   have scheduled.

28          Subject to the above objections, Capital One will not permit these inspections for the reasons

3

DEFENDANT CAPITAL ONE FINANCIAL CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUEST FOR INSPECTION OF DEFENDANT'S DASHBOARDS – Case No. 3:24-cv-05985-TLT-SK

1   explained above.  However, Capital One is willing to meet and confer with Plaintiffs as to this request,

2   including as to whether this information exists and if so, whether it can be produced via document

3   production, to the extent this information has not already been produced as set forth above.

4

5   Dated: October 30, 2025                                    By: */s/ Kathryn E. Cahoy*_____

6                                                              Kathryn E. Cahoy (Bar No. 298777)
                                                               COVINGTON & BURLING LLP
7                                                              3000 El Camino Real
                                                               5 Palo Alto Square, 10th Floor
8                                                              Palo Alto, CA 94306-2112
                                                               (650) 632-4735
9                                                              kcahoy@cov.com

10                                                             Matthew Q. Verdin (Bar No. 306713)
                                                               COVINGTON & BURLING LLP
11                                                             Salesforce Tower
                                                               415 Mission Street, Suite 5400
12                                                             San Francisco, CA 94105-2533
                                                               (415) 591-7065
13                                                             mverdin@cov.com

14

15                                                             Andrew Soukup (*pro hac vice*)
                                                               Marianne Spencer (*pro hac vice*)
16                                                             COVINGTON & BURLING LLP
                                                               850 Tenth Street, NW
17                                                             Washington, DC 20001-4956
                                                               (202) 662-5066
18                                                             asoukup@cov.com
                                                               mspencer@cov.com
19

20                                                             *Attorneys for Defendant Capital One Financial*
                                                               *Corporation*
21

22

23

24

25

26

27

28

DEFENDANT CAPITAL ONE FINANCIAL CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUEST FOR INSPECTION OF DEFENDANT'S DASHBOARDS – Case No. 3:24-cv-05985-TLT-SK

1

**CERTIFICATE OF SERVICE**

2

        I declare that I am an attorney with the law firm of Covington & Burling LLP, whose address is

3

One City Center, 850 Tenth Street, NW, Washington, DC 20001-4956.  I am more than eighteen years

4

old and not a party to this action.  On October 30, 2025, I caused a true and correct copy of the

5

foregoing document to be served on counsel for Plaintiffs in this action via electronic mail addressed as

6

follows:

7

| | |
|---|---|
| Leslie Weaver<br>Anne K. Davis<br>Gregory S. Mullens<br>BLEICHMAR FONTI & AULD, LLP<br>1330 Broadway, Suite 630<br>Oakland, California 94612<br>lweaver@bfalaw.com<br>adavis@bfalaw.com<br>gmullens@bfalaw.com | J. Gerard Stranch, IV<br>Emily E. Schiller<br>STRANCH JENNINGS & GARVEY, PLLC<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville, Tennessee 37203<br>gstranch@stranchlaw.com<br>eschiller@stranchlaw.com |
| Natalie Lyons<br>Vess A. Miller<br>Lynn A. Toops<br>Emily Herrin<br>COHEN & MALAD, LLP<br>One Indiana Square, Suite 1400<br>Indianapolis, Indiana 46204<br>nlyons@cohenandmalad.com<br>vmiller@cohenandmalad.com<br>ltoops@cohenandmalad.com<br>eherrin@cohenandmalad.com | Samuel J. Strauss<br>Raina C. Borrelli<br>Brittany Resch<br>STRAUSS BORRELLI PLLC<br>980 N. Michigan Avenue, Suite 1610<br>Chicago, Illinois 60611<br>sam@straussborrelli.com<br>raina@straussborrelli.com<br>bresch@straussborelli.com |

8
9
10
11
12
13
14
15
16
17
18
19
20

21

        I declare under penalty of perjury under the laws of the United States of America that the above

22

is true and correct.

23

24

Dated:  October 30, 2025                    COVINGTON & BURLING LLP

25

                                                    By: */s/ Rachel C. Lia*
                                                        Rachel C. Lia

26

27

28

DEFENDANT CAPITAL ONE FINANCIAL CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUEST FOR INSPECTION OF DEFENDANT'S DASHBOARDS – Case No. 3:24-cv-05985-TLT-SK