Lynn A. Toops (*pro hac vice*)
Natalie Lyons, No. 293026
Vess A. Miller, No. 278020
Lisa M. La Fornara (*pro hac vice*)
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
vmiller@cohenmalad.com
llafornara@cohenmalad.com

*Attorneys for Plaintiffs and the Proposed Class*
*Additional Counsel Listed in Signature*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| GARY INGRAHAM and DEIA WILLIAMS, Individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CAPITAL ONE FINANCIAL CORPORATION, d/b/a CAPITAL ONE, d/b/a CAPITAL ONE, NATIONAL ASSOCIATION, d/b/a CAPITAL ONE, N.A., d/b/a CAPITAL ONE SHOPPING, <br><br> Defendant. | Case No. 3:24-cv-05985-TLT-SK <br><br> **RESPONSE REGARDING ADMINISTRATIVE MOTION TO FILE CORRECTED DOCUMENTS (Dkt. Nos. 181, 181-1)** <br><br> Judge:   Hon. Trina L. Thompson, U.S.D.J. <br> Judge:   Hon. Sallie Kim, U.S.M.J. |

After weeks of negotiation, the parties entered a joint stipulation that consented to the relief sought by Plaintiffs' Administrative Motion (ECF No. 201-1). Without any warning to Plaintiffs during those negotiations, Capital One filed, late yesterday, a "brief" in support of Plaintiffs' Administrative Motion. (ECF No. 203.) Capital One's brief is both procedurally improper and undermines the parties' joint stipulation. (*Id.*) Despite having stipulated to the relief sought in Plaintiffs' Administrative Motion (ECF No. 201-1), Capital One's "support" brief transparently attempts to launder a false narrative onto the docket.[1] It accuses Plaintiffs of including "false statements" in their Motion for Sanctions and refusing to "withdraw them until faced with a Rule 11 motion." (ECF No. 203 at 1-2.)

The record shows otherwise. Capital One concealed the technologies at issue until after the close of discovery, after expert disclosures and until the eve of court-ordered depositions. As catalogued in Plaintiffs' filings, Plaintiffs' good-faith factual descriptions of Capital One's transmissions were based on deposition testimony and Capital One's business records. (ECF No. 181, pp. 10-13; ECF No. 198, pp. 7-11.) Quite literally, all Plaintiffs' "corrected" motion adds is a few words—"supposedly obfuscated"—to describe the data shared by the late-disclosed technologies. Plaintiffs' motion for administrative relief therefore does not concede any misconduct by Plaintiffs. It does not change anything about Plaintiffs' original motion at all. Rather, it reflects a narrow, good-faith clarification (adding about a dozen words) to avoid Capital One's effort to misdirect from the issues in the Motion for Sanctions.

*First*, Plaintiffs' original motion accurately described what Capital One itself produced: *additional* server-to-server technologies that transmitted Plaintiffs' and the putative class's data. (ECF No. 181, pp. 10-13; ECF No. 198, pp. 7-11.) In essence, Capital One quibbles about labels— it contends that the data it shared was "obfuscated" and thus could not be understood by any third

---

[1] Plaintiffs do not wish to burden the Court with additional motion practice, but note that under Fed. R. Civ. P. 12(f), the Court has the authority to strike, *sua sponte*, "any redundant, immaterial, impertinent, or scandalous matter." That is exactly what Capital One's "support" brief is, and the Court should not hesitate to exercise its authority to strike that filing on its own. Indeed, there was no need for Capital One to make such filing after having stipulated to the relief in the motion, but it did so anyway in a highly and unnecessarily inflammatory manner.

party. Setting aside the merits of that argument, its semantic rebranding does not change the reason why Plaintiffs sought sanctions: Capital One's failure to ***timely disclose*** these technologies. Plaintiffs' rewording to track Capital One's position that it obfuscates some of the data transmitted does not make the original descriptions "false." It removes Capital One's last refuge: arguing about adjectives rather than answering for its misconduct.

*Second*, Capital One's assertions concerning Rule 11 are also improper and revealing. A day after Capital One served its Rule 11 letter and draft motion, Plaintiffs identified numerous false statements and mischaracterizations based on deposition transcripts and documents produced by Capital One. In addition, Plaintiffs' counsel warned that pressing forward would trigger § 1927 sanctions against the signing attorney. Shortly before the scheduled meet and confer, Capital One circulated a revised Rule 11 motion to remove some of the misstatements. Then, at the meet and confer, Capital One agreed to that a change to the brief to note Capital One believes the data was "obfuscated" would satisfy it. To avoid burdening the Court with dueling Rule 11 and § 1927 motions over the inclusion of a dozen words in a filing, which have no bearing on the underlying substance of the filing, Plaintiffs agreed to the limited edits reflected in the administrative motion—i.e., describing the data shared as "supposedly obfuscated." The absurdity of this dispute makes obvious that Capital One threatened Rule 11 not because Plaintiffs' statements were knowingly false, but because Capital One wanted leverage to reframe the record after its late productions made the discovery misconduct undeniable. Rule 11 is not a cudgel to retroactively sanitize discovery abuse. Plaintiffs conferred[2] and offered to add the allegedly clarifying language to avoid Capital One's effort to distract from its own wrongdoing and burden the Court with ancillary litigation.

---

[2] Capital One repeatedly chides Plaintiffs for failing to confer. (ECF No. 203 at 1.) This is yet another false statement by Capital One. Completely ignored by Capital One, Plaintiffs submitted an entire transcript from a meet and confer, along with Capital One's follow-up e-mail, where it confirmed that it refuses to supplement its discovery responses. (*See* ECF No. 178-2.) These documents conclusively show that there was a meet and confer, and Capital One's statements to the Court are false. And by now, Capital One's conduct has given the lie to its claim that a meet and confer would have resolved anything. Capital One has had plenty of opportunity to course correct. Nothing stopped it from, for example, offering to supplement its production and discovery responses after the motion was filed, nor was Capital One prohibited from offering to meet and confer further. But it refuses to do so, underscoring that it maintains its position that it will not supplement its discovery responses.

*Finally*, Capital One's claim that the "relief requested in Plaintiffs' sanctions motion" changed (ECF No. 203 at 1), is not only improperly raised in its "support" brief concerning an administrative motion,[3] but gets the logic exactly backwards. Plaintiffs seek to bar Capital One from opposing evidence about technologies that Capital One hid until Plaintiffs had no meaningful opportunity to test them through discovery. That is not a windfall. It is the minimum remedy necessary to prevent Capital One from benefiting from its own discovery misconduct. The prejudice Plaintiffs identified ***never*** depended on ***any*** descriptor in the corrections.[4] Rather, it depended on the fact that Capital One deprived Plaintiffs of timely discovery on two server-to-server technologies that transmitted highly relevant data. Capital One's "support" brief quietly concedes the core problem: Plaintiffs were forced to litigate blindfolded and only learned the full scope of the data transmissions when discovery was effectively over based on scant information that was selected by Capital One for disclosure. That is the textbook case for Rule 37(c) relief. Allowing Capital One to now introduce expert gloss and factual spin on technologies it concealed until discovery closed would reward the very conduct Rule 37(c) deters.

For these reasons, the Court should disregard or strike Capital One's filing.

Dated: February 19, 2026                    Respectfully submitted,

/s/ Lesley E. Weaver
Lynn A. Toops (*pro hac vice*)
Natalie Lyons, No. 293026
Vess A. Miller, No. 278020
Lisa M. La Fornara (*pro hac vice*)
Emily D. Herrin (*pro hac vice*)
**COHENMALAD, LLP**

---

[3] Which, again, raises the specter of whether Capital One has vexatiously multiplied these proceedings by its conduct and whether § 1927 sanctions would be appropriate.

[4] Contrary to what Capital One says, Plaintiffs did not "withdraw" anything (ECF No. 203 at 2)—they added a dozen words, at Capital One's request, that presents its position on the nature of the withheld technologies. In other words, Capital One wanted Plaintiffs to include that Capital One believes obfuscated data cannot be understood by third parties. That assertion has been rebutted by several witnesses, but in any event, it is a merits argument that has no bearing on whether Capital One should be subject to discovery sanctions for withholding discovery on the challenged technologies until after the close of discovery and after expert reports were produced.

One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
nlyons@cohenmalad.com
vmiller@cohenmalad.com
ltoops@cohenmalad.com
llafornara@cohenmalad.com
eherrin@cohenmalad.com

J. Gerard Stranch, IV (*pro hac vice*)
Kyle M. Mallinak (*pro hac vice*)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
gstranch@stranchlaw.com
kmallinak@stranchlaw.com

Lesley E. Weaver, No. 191305
Anne K. Davis, No. 267909
**STRANCH, JENNINGS & GARVEY, PLLC**
1111 Broadway, Suite 300
Oakland, California 94607
(341) 217-0550
lweaver@stranchlaw.com
adavis@stranchlaw.com

Samuel J. Strauss (*pro hac vice* forthcoming)
Brittany N. Resch (*pro hac vice*)
Andrew Gerald Gunem (*pro hac vice*)
**STRAUSS BORRELLI, PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
(872) 263-1100
sam@straussborrelli.com
bresch@straussborrelli.com
agunem@straussborrelli.com

*Counsel for Plaintiffs and the Proposed Classes*