Kathryn E. Cahoy (Bar No. 298777)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
(650) 632-4735
kcahoy@cov.com

Matthew Q. Verdin (Bar No. 306713)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-7065
mverdin@cov.com

Lynn A. Toops (*pro hac vice*)
Natalie Lyons, No. 293026
Vess A. Miller, No. 278020
Lisa M. La Fornara (*pro hac vice*)
Emily D Herrin (*pro hac vice*)
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
vmiller@cohenmalad.com
llafornara@cohenmalad.com
eherrin@cohenmalad.com

*Attorneys for Defendant Capital One Financial Corporation*

*Attorneys for Plaintiffs and the Proposed Class*

[Additional counsel listed on signature page]

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| GARY INGRAHAM and DEIA WILLIAMS, Individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, d/b/a CAPITAL ONE, d/b/a CAPITAL ONE, NATIONAL ASSOCIATION, d/b/a CAPITAL ONE, N.A., d/b/a CAPITAL ONE SHOPPING,<br><br>Defendant. | Case No. 3:24-cv-05985-TLT-SK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Trina L. Thompson<br><br>Case Management Conference: April 21, 2026 |

Pursuant to the Standing Order for All Judges in the Northern District of California, Civil Local Rule 16-9, and this Court's March 15, 2026 Order (ECF No. 229), Plaintiffs Gary Ingraham and Deia Williams ("Plaintiffs") and Defendant Capital One Financial Corporation ("Capital One") (together, the "Parties"), by and through their undersigned counsel, hereby jointly submit this Joint Case Management Statement.

## 1. Jurisdiction and Service

Plaintiffs' Position: It is Plaintiffs' position that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332(d) and has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367. No issues exist regarding personal jurisdiction or venue, and all parties have been served. As explained in their opposition to Capital One's pending motion to dismiss (which, in effect, is really a motion for summary judgment), Plaintiffs have standing to assert the claims they brought. *See* ECF No. 238.

Capital One's Position: As explained in Capital One's pending motion to dismiss, this Court lacks subject-matter jurisdiction over Plaintiffs' claims. *See* ECF No. 219.

## 2. Facts

Plaintiffs' Position: Capital One operates and encourages its customers to use its website https://www.CapitalOne.com on which customers can apply for credit cards. Plaintiffs are customers of Capital One who used Capital One's website to seek pre-approval or to apply for credit cards. Capital One secretly collects consumers' non-public financial and personal information while they are engaged in the pre-approval and application process and sends that information to an ecosystem of concealed third-party trackers from Meta, Google, Adobe, and Skai/Kenshoo to more effectively market its products, generate more sales, and to save millions on the cost of marketing because marketing with the use of non-public financial and personal information is much more effective than general marketing without it. Plaintiffs allege that Capital One accomplishes this through two complementary tracking systems – server-to-server technologies and tracking tags. Plaintiffs allege that the tracking systems on Capital One's website are used to collect and disclose their non-public personal and financial information to third parties entirely without their knowledge or authorization. Plaintiffs additionally allege that undisclosed fourth parties also had access to that data and that

anyone using Google or Facebook, for example, to market their products could benefit from Plaintiffs' private information being shared with Google and Facebook by Capital One. Plaintiffs moved for Class Certification on January 19, 2026 (*see* ECF No. 186).

After Plaintiffs circulated a draft Joint Case Management Statement containing the above single paragraph summarizing their position, Capital One responded by inserting a lengthy statement of its own—one that merely repackages the same tired mischaracterizations it has repeated across its filings about the evidence, Plaintiffs' testifying expert, and Plaintiffs' theory of the case. These aspersions are improper in a case management statement. They serve only to inflame, not to assist the Court.

Notwithstanding Capital One's inappropriate maneuver, discovery showed that Capital One transmitted substantial data to third parties, and those third parties even retained contractual rights to use the data for their own purposes. ECF No. 238 at 4-12. As shown in Plaintiffs' motion for sanctions and pending motion for de novo review, server-to-server technologies—which merely serve as a complementary counterpoint to the browsing tag technologies—have always been part of this case, which has broadly challenged Capital One's use of "tracking technologies" on its website. No court has said these two technologies are different—just the opposite, the court in *Griffith v. TikTok, Inc.*, noted how similar the two technologies are. 2024 WL 5279224, at *2 (C.D. Cal. Dec. 24, 2024). And finally, Capital One's transmission practices fall outside the scope of what its privacy policy disclosed. Thus, discovery has confirmed Plaintiffs' position.

Capital One's Position: Fact discovery closed on November 7, 2025, and expert discovery closed on January 9, 2026. *See* ECF No. 143. Plaintiffs survived a motion to dismiss based on their core allegation that Capital One used "online tracking technologies" that purportedly disclosed to third parties Plaintiffs' "Personal and Financial Information" entered when submitting a "credit card application." Compl. ¶¶ 2–4. According to the Complaint, the "only purpose" for these transmissions was "to be used for [] Third Party and fourth parties' marketing and sales purposes," which allegedly caused Plaintiffs to experience an "injury-in-fact." *Id.* ¶¶ 47, 220. Discovery did not generate any evidence supporting this allegation. To the contrary, in August 2025, Plaintiffs produced the report and supporting materials from the consulting expert report referenced in their Complaint, which

revealed that—before filing this lawsuit—Plaintiffs were aware that, as to the browser-based technologies Plaintiffs' expert reviewed, "none of the trackers sent anything [he] typed in during the application process." *See* ECF No. 193-8.

Plaintiffs did not submit a report from this consulting expert, and instead belatedly adopted a new theory of the case focused on so-called "server-side" or "server-to-server technologies." ECF No. 194-2 ¶¶ 28-30. Those technologies function very differently from the browser-based technologies in the Complaint: whereas browser-based technologies allegedly "instantaneously and surreptitiously" capture information from Capital One's website, Compl. ¶ 42, server-to-server technologies send "information directly from the website owner's server to [the third party's server]" hours, days, or weeks after information is collected by the website owner. *Griffith v. TikTok, Inc.*, 2024 WL 5279224, at *2, *10 (C.D. Cal. Dec. 24, 2024), *appeal filed*, No. 25-553 (9th Cir. 2025). But the phrases "server-side" or "server-to-server" do not appear in the Complaint, and the word "server" does not appear in this Court's motion to dismiss ruling. As Magistrate Judge Kim recently explained, those technologies are outside the scope of this case and Plaintiffs' proposed class definition: "from the inception, Plaintiffs' case was limited to the transmission of data directly from its website to third parties and did not include server-to-server transmission." ECF No. 213, at 1-2 (Report and Recommendation recommending that this Court deny Plaintiffs' motion for discovery sanctions). Moreover, Plaintiffs' new focus on "server-to-server" technologies did not uncover any transmissions for advertising for either Plaintiff before this suit was filed.

Discovery has only confirmed what Capital One has steadfastly maintained throughout this litigation: Capital One implemented robust data governance processes to safeguard consumer privacy, and Capital One does not share any personal information with third parties unless a customer agrees to Capital One's privacy policy, which explains the types of data Capital One may collect, how it shares this data and for what purposes, examples of the types of technologies Capital One uses, and how users can opt out of certain targeted advertising. And Plaintiffs were unable to show that the same information was transmitted to the same third parties for the same purpose for all class members over the entire class period; in fact, Plaintiffs' own experiences disprove their contention that Capital One intercepted and transmitted the same information during the class period.

JOINT CASE MANAGEMENT STATEMENT – 24-cv-05985-TLT-SK

### 3. **Legal Issues**

Plaintiffs' Position: Plaintiffs, individually and on behalf of the proposed classes, bring the following surviving claims against Defendant: negligence, violation of the California Consumer Privacy Act ("CCPA") Cal. Civ. Code § 1798.100, et seq., unjust enrichment, declaratory judgment, violation of the Electronic Communications Privacy Act ("ECPA") 18 U.S.C. §§ 2511(1), et seq., and Violation of The California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 630, et seq.

Capital One's Position: Capital One does not engage in unlawful data sharing practices and denies that it has violated any of the laws in the Complaint. As explained in Capital One's motion to dismiss for lack of standing, ECF No. 219, Plaintiffs have not suffered any injury-in-fact. And no class can be certified. *See* ECF No. 214.

### 4. **Motions**

The following motions filed by Plaintiffs are **pending** before the Court:

1. Motion for Class Certification (ECF No. 186), with Capital One's opposition (ECF No. 214) and Plaintiffs' reply (due April 6).

2. Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge (ECF No. 226), with Capital One's opposition (ECF No. 243) and Plaintiffs' reply (due April 3).

3. Motion to Strike the Opinions and Testimony of Defendant's Expert Lorin Hitt (ECF No. 242), with Capital One's opposition (due April 6) and Plaintiffs' reply (due April 13).

4. Motion to Strike or Limit Capital One's Expert Ronald Schnell (ECF No. 246), with Capital One's opposition (due April 6) and Plaintiffs' reply (due April 13).

5. Motion to Strike Capital One's Expert Kinshuk Jerath (ECF No. 248), with Capital One's opposition (due April 6) and Plaintiffs' reply (due April 13).

6. Motion to Strike Capital One's Expert Rebecca Kirk Fair (ECF No. 250), with Capital One's opposition (due April 6) and Plaintiffs' reply (due April 13).

JOINT CASE MANAGEMENT STATEMENT – 24-cv-05985-TLT-SK

The following motions filed by Capital One are **pending** before the Court:

1. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3) (ECF No. 219), with Plaintiffs' opposition (ECF No. 238) and Capital One's reply (ECF No. 252).

2. Motion to Exclude Plaintiffs' Damages Expert Eric Krause Pursuant to Fed. R. Evid. 702 (ECF No. 223), with Plaintiffs' opposition (ECF No. 236) and Capital One's reply (ECF No. 240).

The following administrative motion is **pending** before the Court reflecting the parties' **agreement** on the relief requested:

1. Joint Statement Concerning Extension of Time to Mediation Deadline (ECF No. 225)

The following administrative motions are **pending** before the Court and ripe for the Court's disposition, and the Parties **do not agree** on the relief requested:

1. Joint Omnibus Motion to Seal Regarding Sanctions Documents (ECF No. 206), with Plaintiffs' opposition (ECF No. 210).  This Joint Omnibus Motion replaced the interim sealing motions at ECF Nos. 177, 180, 194, 197, and 199, and a ruling on the Omnibus Motion will dispose of all of these interim sealing motions.

2. Plaintiffs' Administrative Motion to Augment the Record (ECF No. 227), with Capital One's opposition (ECF No. 231).

The following administrative motions will be pending before the Court before the upcoming April 21, 2026 conference, and the Parties anticipate that they will **not agree** on the relief requested:

1. Joint Omnibus Motion to Seal Regarding Class Certification Documents.

   a. By this Court's order, this Omnibus Motion will be filed by April 10, 2026, with Plaintiffs' response due April 14.  *See* ECF Nos. 200, 232.

   b. This Omnibus Motion will replace the interim administrative motions to seal at ECF Nos. 187 and 215 and Plaintiffs' forthcoming interim administrative motion to seal related to their reply.  A ruling on the Omnibus Motion will dispose of these three interim administrative motions to seal.

2. Joint Omnibus Motion to Seal Regarding Documents Submitted in Connection with (i) Plaintiffs' Motion for De Novo Determination of Dispositive Matter, (ii) Capital One's Motion to Dismiss, and (iii) Capital One's Motion to Exclude Eric Krause.

    a. At the Parties' agreement, this Omnibus Motion will be filed by April 10, 2026, with Plaintiffs' response due April 14.

    b. This Omnibus Motion will replace interim administrative motions to seal at ECF Nos. 220, 228, 237, 239, 241, 245, and 253, as well as the forthcoming interim administrative motion to seal related to Plaintiffs' forthcoming reply in support of their Motion for De Novo Determination. A ruling on the Omnibus Motion will dispose of these eight interim administrative motions to seal.

3. Joint Omnibus Motion to Seal Regarding Plaintiffs' Motions to Strike Lorin Hitt, Ronald Schnell, Kinshuk Jerath, and Rebecca Kirk Fair.

    a. At the Parties' agreement, this Omnibus Motion will be filed by April 16, 2026, with Plaintiffs' response due April 17.

    b. This Omnibus Motion will replace the interim administrative motions to seal at ECF Nos. 244, 247, 249, and 251, as well as the forthcoming interim administrative motions to seal related to Capital One's oppositions to, and Plaintiffs' replies in support of, Plaintiffs' Motions to Strike, and a ruling on the Omnibus Motion will dispose of all of these interim administrative motions to seal.

Pursuant to the Court's modified Order (ECF No. 229), the parties provide a list of all **resolved** administrative requests to date as follows:

- Joint Administrative Motion to Modify the Case Management and Scheduling Order and Set Case Deadlines (ECF No. 82) was resolved on August 14, 2025 (ECF No. 83);

- Administrative Motion to File Under Seal filed by Plaintiffs (ECF No. 87) was granted on October 3, 2025 (ECF No. 101 sealing portions of Capital One Financial Corporation's Supplemental Response to Plaintiffs' First Set of Interrogatories (ECF No. 92-3);

- Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Regarding Joint Discovery Letter Brief Re: Reports, Configuration History, and CAPI filed by Plaintiffs (ECF No. 94) was granted on October 9, 2025 (ECF No. 114) sealing portions

JOINT CASE MANAGEMENT STATEMENT – 24-cv-05985-TLT-SK

of Joint Discovery Letter Brief Regarding Reports, Configuration History, and CAPI (ECF No. 93) and Exhibits D – H (ECF Nos. 93-4 – 93-8);

- Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Plaintiffs (ECF No. 124) and Administrative Motion to File Under Seal Statement in Support of Plaintiffs' Administrative Motion to Consider Whether another Party's Material Should be Sealed filed by Capital One (ECF No. 135) was granted on October 25, 2025 (ECF No. 136) sealing pages of Defendant Capital One Financial Corporation's Supplemental Response to Plaintiffs' First Set of Interrogatories (ECF No. 124-3) and portions of the Joint Discovery Dispute Letter (ECF No. 129-4);

- Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Plaintiffs (ECF No. 124) was granted on November 7, 2025 (ECF No. 149) sealing specific excepts from the deposition of Fiorella Trowbridge;

- Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Regarding Joint Discovery Letter Brief Re: Plaintiffs' 30(b)(6) Topic 18 and Defendant's Responses to Plaintiffs' Interrogatories filed by Plaintiffs (ECF No. 145) Administrative Motion to File Under Seal filed by Capital One (ECF No. 147), and Administrative Motion to File Under Seal Statement in Support of Plaintiffs' Administrative Motion to Consider Whether another Party's Material Should be Sealed filed by Capital One (ECF No. 150) were granted on November 13, 2025 (ECF No. 157);

- Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Regarding Capital One's Statement Concerning Dismissal of Plaintiff Shah filed by Capital One (ECF No. 161) was denied on December 5, 2025 (ECF No. 170); and

- Plaintiffs' motion to remove the incorrectly filed document at ECF No. 178, Plaintiffs' Motion for Sanctions, Plaintiffs' Motion for Sanctions Exhibit Q (178-17) and Exhibit R (178-18), Plaintiffs' Motion for Sanctions (Corrected) (ECF No. 181), Plaintiffs' Motion to Certify Class Exhibit 63 (ECF No. 186-64), Defendant's motion to remove the incorrectly filed document at ECF No. 217 (filed in error), and Plaintiffs' Administrative Motion to file corrected documents at ECF No. 201 were each granted on March 17, 2026 (ECF No. 233). The clerk permanently locked ECF Nos. 178, [178-17], [178-18], 181, [186-64], and 217.

\* \* \*

All pending motions are scheduled to be heard on April 21, 2026, at 2:00 p.m. *See* ECF Nos. 232, 235.

The current deadline for the parties to file any dispositive motion is July 10, 2026. *See* ECF No. 41.

Capital One's Position: Under Ninth Circuit precedent, the one-way intervention rule generally requires the Court to determine whether a class can be certified—and, if a class is certified, to give class members notice of an opportunity to opt out of the class—*before* the summary judgment stage. *See Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) ("[D]istrict courts generally do not

- 7 -

grant summary judgment on the merits of a class action until the class has been properly certified and notified."); *Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1020 (N.D. Cal. 2015) (rule exists to protect defendants from the "unfair" situation of class members being able to "opt in to a favorable ruling or avoid being bound by an unfavorable one"). Contrary to Plaintiffs' suggestion, Capital One's pending motion to dismiss is not a summary judgment motion, but instead reflects courts' preferred way of considering whether subject matter jurisdiction exists. *See, e.g.*, *Bargetto v. Walgreen Co.*, 2024 WL 3493260, at *5-6 (N.D. Cal. June 14, 2024) (Thompson, J.) (granting post-discovery motion to dismiss for lack of Article III standing pursuant to Rules 12(b)(1) and 12(h)(3) and denying class certification motion as moot). Nor does Capital One's motion implicate the one-way intervention rule, because the motion to dismiss impacts only the Plaintiffs' individual claims and is not "in effect" a summary judgment motion aimed at absent class members.

Plaintiff's Position: Capital One's "motion to dismiss" is in effect a motion for summary judgment because the standing issues overlap with the merits of the case. *See* ECF No. 238; *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1143 (9th Cir. 2024) ("[R]esolving a standing issue under the guise of Rule 12(b)(1), rather than a summary judgment motion under Rule 56, may be inappropriate if those jurisdictional issues are 'intertwined with the merits.'" (quoting *Jones v. L.A. Central Plaza LLC*, 74 F.4th 1053, 1057 n.2 (9th Cir. 2023)). By filing a motion that is in substance a motion for summary judgment, Capital One waived its one-way intervention objection. *See Schwarzschild v. Tse*, 69 F.3d 293, 297 (9th Cir. 1995) ("By obtaining summary judgment before notice had been sent to the class, the defendants waived their right to have such notice given and to obtain a judgment that was binding upon the class.").

### 5. Amendment of Pleadings

The deadline to amend pleadings has passed (ECF No. 42).

### 6. Evidence Preservation

The Stipulation and Order Re: Discovery of Electronically Stored Information was entered on April 4, 2025 (ECF No. 68). The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f), and discovery has closed.

7. **Disclosures**

Initial disclosures have been exchanged.

8. **Discovery**

The fact discovery and expert discovery deadlines have passed (ECF Nos. 83, 143).

9. **Class Actions**

The Court has set a hearing on Plaintiffs' motion for class certification for April 21, 2026, at 2:00 p.m. (*see* ECF Nos. 83, 232).

10. **Related Cases**

None.

11. **Relief**

Plaintiffs' Position: Plaintiffs seek the relief and remedies set forth in the Class Action Complaint (ECF No. 1, Prayer for Relief) as well as all relief described in the initial and supplemental expert reports of Eric Krause, in addition to any additional relief the Court deems just and proper.

Capital One's Position: Capital One denies any and all wrongdoing and accordingly denies that Plaintiffs and putative class members are entitled to any relief and that this action may properly be maintained as a class action.

12. **Settlement and ADR**

The Parties have chosen a private mediator, the Honorable Judge Ronald Leighton (Ret.). The Parties engaged in mediation on October 2, 2025, and have scheduled another mediation session with Judge Leighton on April 13, 2026. *See* ECF No. 225 (Joint Statement Concerning Extension of Time to Mediation Deadline). The Parties stipulated to an indefinite continuance of the Settlement Conference with Judge Cisneros (*see* ECF Nos. 65 & 69).

13. **Other References**

At this juncture, the Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. **Narrowing of Issues**

Not applicable at this juncture.

JOINT CASE MANAGEMENT STATEMENT – 24-cv-05985-TLT-SK

15. **Expedited Trial Procedure**

This is not the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

16. **Scheduling**

A Case Management and Scheduling Order was previously entered by this Court addressing case deadlines (*see* ECF Nos. 41 & 42), which was subsequently modified by this Court (*see* ECF No. 83). A briefing schedule on Plaintiffs' motion for class certification was entered (*see* ECF No. 116). On March 17, 2026, the Court entered an Order Regarding Briefing Schedule on Pending Motions (ECF No. 232). On March 18, the Court modified that Order by continuing the April 9, 2026 Case Management Conference to April 21, 2026, at 2:00 p.m. (ECF No. 235).

The Court has scheduled an April 21, 2026, hearing for a Case Management Conference and to hear argument on the motions identified in Section 4 above.

17. **Trial**

A jury trial has been requested in this case and is currently set for April 26, 2027, for 14 days.

18. **Disclosure of Non-party Interested Entities or Persons**

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 (*see* ECF Nos. 9, 23).

Plaintiffs certify that as of this date, there is no conflict or interest (other than the named parties) to report. There are no persons, firms, partnerships, corporations (including parent corporations) or other entities known by Plaintiffs to have either: (i) a financial interest in the subject matter or controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding other than the named parties.

Capital One certifies that as of this date, there is no conflict or interest (other than the named parties) to report. There are no persons, firms, partnerships, corporations (including parent corporations) or other entities known by Capital One to have either: (i) a financial interest in the subject matter or controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding other than the named parties.

19. **Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. **Other**

None.

Dated: April 2, 2026

Respectfully submitted by,

| | |
|---|---|
| */s/ Lesley E. Weaver* | */s/ Andrew Soukup* |
| J. Gerard Stranch, IV (*pro hac vice*) | Kathryn E. Cahoy (Bar No. 298777) |
| Kyle M. Mallinak (*pro hac vice*) | COVINGTON & BURLING LLP |
| **STRANCH, JENNINGS & GARVEY, PLLC** | 3000 El Camino Real |
| 223 Rosa L. Parks Avenue, Suite 200 | 5 Palo Alto Square, 10th Floor |
| Nashville, Tennessee 37203 | Palo Alto, CA 94306-2112 |
| (615) 254-8801 | Telephone: (650) 632-4735 |
| gstranch@stranchlaw.com | Email: kcahoy@cov.com |
| kmallinak@stranchlaw.com | |
| | Matthew Q. Verdin (Bar No. 306713) |
| Lesley E. Weaver, No. 191305 | COVINGTON & BURLING LLP |
| Anne K. Davis, No. 267909 | Salesforce Tower |
| **STRANCH, JENNINGS & GARVEY, PLLC** | 415 Mission Street, Suite 5400 |
| 1111 Broadway, Suite 300 | San Francisco, CA 94105-2533 |
| Oakland, California 94607 | Telephone: (415) 591-7065 |
| (341) 217-0550 | Email: mverdin@cov.com |
| lweaver@stranchlaw.com | |
| adavis@stranchlaw.com | |
| | Andrew Soukup (*pro hac vice*) |
| Natalie Lyons, No. 293026 | Nicholas Evoy (*pro hac vice*) |
| Vess A. Miller, No. 278020 | Marianne Spencer (*pro hac vice*) |
| Lynn A. Toops (*pro hac vice*) | Jeffrey Huberman (*pro hac vice*) |
| Lisa M. La Fornara (*pro hac vice*) | COVINGTON & BURLING LLP |
| Emily D. Herrin (*pro hac vice*) | One CityCenter |
| **COHENMALAD, LLP** | 850 Tenth Street, NW |
| One Indiana Square, Suite 1400 | Washington, DC 20001-4956 |
| Indianapolis, Indiana 46204 | (202) 662-5066 |
| nlyons@cohenmalad.com | asoukup@cov.com |
| vmiller@cohenmalad.com | nevoy@cov.com |
| ltoops@cohenmalad.com | mspencer@cov.com |
| llafornara@cohenmalad.com | jhuberman@cov.com |
| eherrin@cohenmalad.com | |
| | *Counsel for Defendant Capital One Financial* |
| Samuel J. Strauss (*pro hac vice* forthcoming) | *Corporation* |
| Brittany N. Resch (*pro hac vice*) | |
| Andrew Gerald Gunem (*pro hac vice*) | |
| **STRAUSS BORRELLI, PLLC** | |

JOINT CASE MANAGEMENT STATEMENT – 24-cv-05985-TLT-SK

980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
(872) 263-1100
sam@straussborrelli.com
bresch@straussborrelli.com
agunem@straussborrelli.com

*Counsel for Plaintiffs and the Proposed Classes*

JOINT CASE MANAGEMENT STATEMENT – 24-cv-05985-TLT-SK

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I, Lesley E. Weaver, hereby attest that concurrence in the filing of this document has been obtained from each of the above signatories.

Dated: April 2, 2026                                    By: */s/ Lesley E. Weaver*
                                                             Lesley E. Weaver

JOINT CASE MANAGEMENT STATEMENT – 24-cv-05985-TLT-SK