Lynn A. Toops (*pro hac vice*)
Natalie Lyons, No. 293026
Vess A. Miller, No. 278020
Lisa M. La Fornara (*pro hac vice*)
Emily D. Herrin (*pro hac vice*)
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
vmiller@cohenmalad.com
llafornara@cohenmalad.com
eherrin@cohenmalad.com

*Attorneys for Plaintiffs and the Proposed Class*
*Additional Counsel Listed in Signature*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

GARY INGRAHAM and DEIA WILLIAMS, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

CAPITAL ONE FINANCIAL CORPORATION, d/b/a CAPITAL ONE, d/b/a CAPITAL ONE, NATIONAL ASSOCIATION, d/b/a CAPITAL ONE, N.A., d/b/a CAPITAL ONE SHOPPING,

Defendant.

Case No. 3:24-cv-05985-TLT

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S EXPERT RONALD SCHNELL**

Complaint Filed: August 26, 2024

Date: April 21, 2026
Time: 2:00 p.m.
Ctrm: 9, 19th Floor

Judge: Hon. Trina L. Thompson

**REDACTED**

# TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 1

II. CAPITAL ONE ATTEMPTS TO REWRITE THE CASELAW ABOUT WHAT CONSTITUTES "INFORMATION RELIED UPON" BY EXPERTS ..... 1

III. MR. SCHNELL'S UNDISCLOSED KNOWLEDGE ABOUT HOW META AND GOOGLE CAN LINK INFORMATION WITH INDIVIDUALS IS OBVIOUSLY RELEVANT AND PREJUDICIAL TO PLAINTIFFS ..... 2

IV. PLAINTIFFS ARE SEEKING TO PREVENT CAPITAL ONE FROM HAVING AN UNFAIR ADVANTAGE IF THE MAGISTRATE'S RECOMMENDATION ON SANCTIONS IS OVERRULED ..... 5

V. CAPITAL ONE'S OPPOSITION DEMONSTRATES HOW SCHNELL'S OPINION ON HASHING IS INFECTED BY HIS UNDISCLOSED KNOWLEDGE ABOUT META'S DATA PRACTICES ..... 6

VI. CAPITAL ONE'S REFERENCES TO THE TESTIMONY OF PLAINTIFF'S EXPERT ERIC KRAUSE ARE PROCEDURALLY INAPPROPRIATE AND FACTUALLY DISTINGUISHABLE ..... 6

VII. CONCLUSION ..... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Euclid Chemical Co. v. Vector Corrosion Technologies, Inc.*,
2007 WL 1560277 (N.D. Ohio May 29, 2007)....1

*Kadrey v. Meta Platforms, Inc.*,
2025 WL 1479169 (N.D. Cal. Mar. 21, 2025)....1

*In re Rail Freight Surcharge Antitrust Litig.*,
MDL No. 1869, 2013 WL 12384733 (D.D.C. Nov. 12, 2013)....6

*Republic of Ecuador v. Mackay*,
742 F.3d 860 (9th Cir. 2014) ....1

*Worley v. Avanquest North America, Inc.*,
2013 WL 6576732 (N.D. Cal. Dec. 13, 2013)....5

**Court Rules**

Fed. R. Civ. P. 26(a) ....1, 7

## I. INTRODUCTION

Capital One's opposition to Plaintiff's Motion to Strike or Limit Expert Ronald Schnell confirms that Capital One believes it can use protective orders in Mr. Schnell's prior cases as an excuse to avoid disclosure of information about Capital One's business counterparties that could support the conclusions of Plaintiff's expert. The Court should intervene to prevent Plaintiffs from being prejudiced by this blatant disregard of Fed. R. Civ. P. 26(a)(2)(B) and its interpretative caselaw.

## II. CAPITAL ONE ATTEMPTS TO REWRITE THE CASELAW ABOUT WHAT CONSTITUTES "INFORMATION RELIED UPON" BY EXPERTS

Capital One's Opposition assumes that an expert can avoid disclosing relevant information he has learned from other cases by simply claiming that he is basing his opinions solely on what has been introduced into the record in this case. Capital One tries to excuse Mr. Schnell's evasiveness by referring the Court to Mr. Schnell's subjective opinion that one assertion was "also based on . . . public statements" and that he was "not relying on information from that case." *See* ECF No. 265-1 ("Schnell Opp.") at 7 (citing Schnell Dep. Vol. II at 301:2 and 307:6–9). *See also* Schnell Opp. at 12 ("Schnell's rebuttal opinion is based on the record in this case, which does not include third parties' conduct in other cases")

As already discussed in Plaintiffs' Motion, this is plainly not the standard: "Notably, 'the disclosure obligation extends to any facts or data considered by the expert in forming the opinions to be expressed, not only those relied upon by the expert.'" *Republic of Ecuador v. Mackay*, 742 F.3d 860, 869–70 (9th Cir. 2014) (quoting Fed. R. Civ. P. 26(a)(2)(B) advisory cmt notes (2010 amendments)). "Courts apply an objective test that defines 'considered' as any facts or data on the subject matter learned by the expert at any time before rendering her opinion." *Kadrey v. Meta Platforms, Inc.*, Case No. 23-cv-03417, 2025 WL 1479169, at *1 (N.D. Cal. Mar. 21, 2025) (internal citation and quotation marks omitted). "[E]ven if the expert avers under oath that he did not actually consider certain materials in forming his opinion, that will not control. . . . All ambiguities must be resolved in favor of discovery." *Euclid Chemical Co. v. Vector Corrosion Technologies, Inc.*, No. 1:05CV80, 2007 WL 1560277, at *4 (N.D. Ohio May 29, 2007). The law does not permit Capital

One to shove Schnell's knowledge about the data practices of Capital One's business counterparties into a black box and conceal it from Plaintiffs.

## III. MR. SCHNELL'S UNDISCLOSED KNOWLEDGE ABOUT HOW META AND GOOGLE CAN LINK INFORMATION WITH INDIVIDUALS IS OBVIOUSLY RELEVANT AND PREJUDICIAL TO PLAINTIFFS

Capital One breezily states that "[o]n a handful of occasions, Mr. Schnell explained that he had additional knowledge, unrelated to Capital One and beyond the confines of his rebuttal reports and the evidence in this case, that he could not disclose." Schnell Opp., at 7 (citing Schnell Dep. Vol. I at 52:17-23; 59:14-16; 68:2-3). This is a gross mischaracterization of the knowledge withheld by Mr. Schnell. For instance, Mr. Schnell has withheld information on Meta's ability and actual practices in linking event information with a specific individual:

[redacted]

Schnell Dep. Vol. I at 52:4-23 (emphasis added) (previously attached as Ex. C to Pl's Motion to Exclude Schnell).

[redacted]

Schnell Dep. Vol. I at 59:6-16 (emphasis added) (previously attached as Ex. C to Pl's Motion to Exclude Schnell).

[redacted]

Schnell Dep. Vol. I at 67:16 to 68:3 (emphasis added) (previously attached as Ex. C to Pl's Motion to Exclude Schnell). In each of these exchanges, Mr. Schnell admits he has relevant knowledge about Meta's capabilities and internal practices but then refuses to disclose it. In particular, the last bolded statement from Schnell gives the game away. Mr. Schnell wants to attack Dr. Egelman's opinions [redacted]

This refusal to disclosure actual knowledge of Meta's data linking practices goes to the heart of Schnell's rebuttal opinion and Capital One's reason to using this particular rebuttal witness. Capital One admits that it is using Schnell to attack Dr. Egelman's opinion that [redacted] Capital One argues that Dr. Egelman's opinion is "unsupported speculation." *See* Schnell Opp. at 16. But Schnell's evasiveness in the exchange above suggests that Schnell himself knows that Dr. Egelman's opinion about Meta's data linking practices is at least partially correct.[1] But since Schnell doesn't want to either admit to that fact or perjure himself by categorically denying the truth of Dr. Egelman's conclusion, he is claiming that the existing record is insufficient to support that conclusion

---

[1] In fact, there is already evidence in the record to support Dr. Egelman's opinion. *See* ECF No. 187-13 at CAPONE-SHAH-00038454 [redacted]

and shielding his own relevant knowledge about Meta's data linking practices. This is an ugly abuse of the role of expert rebuttal reports. No rebuttal expert should be allowed to deride another expert's conclusions as speculative while concealing the rebuttal expert's independent knowledge that the expert's conclusions are factually correct.[2]

Capital One and Mr. Schnell apply the same strategy of concealment to his discussions of Google. Schnell's supplemental report devotes nineteen paragraphs to attacking Dr. Egelman's opinions about data sharing between Capital One and Google. *See* Schnell Supplemental Report, ¶¶ 14–27; 43–47. Mr. Schnell's admission of having examined Google's source code came in the context of a line of questioning about where he had obtained the bases for the statements in his supplemental reports:

[redacted]

[2] Capital One will undoubtedly argue that there is no proof that Schnell's knowledge from other cases would support Dr. Egelman's conclusions about Meta's data linking practices. But the whole point here is that Plaintiffs have not been permitted to explore the extent of Schnell's independent knowledge about the validity of Dr. Egelman's conclusions; for that reason, the Court should assume for the purposes of this motion that the information withheld by Schnell would support Dr. Egelman's conclusions.

[redacted]

**Ex. E**, Schnell Dep. Vol. II at 251:8 to 252:9. Capital One's dismissal of this exchange as "vague" and concerning "irrelevant circumstances" does not line up with the actual transcript. Initially, Mr. Schnell caveated an answer about his knowledge by avoiding any representation about his non-public knowledge: "[redacted]" Then in response to follow-up questions, Mr. Schnell refused to provide <u>any information</u> about the circumstances in which he looked at Google's source code. There is no basis in this exchange for either Plaintiffs or the Court to conclude that those circumstances were irrelevant to the conclusions in the nineteen paragraphs of Schnell's Supplemental Report that discuss Google.

Mr. Schnell's concealment of his knowledge about Meta and Google also makes it impossible to credit some of his testimony. For instance, as explained in Plaintiffs' initial motion, [redacted] Schnell Dep. Vol. I, at 84:8–12. But at least as to Meta and Google, Schnell does have a potential way of knowing what information those companies have that's external to received transmission: the confidential information that he obtained on those companies and has refused to disclose. This combination of professed ignorance and refusal to disclose previously-obtained information as a "sword and shield" is severely prejudicial to Plaintiffs. *Cf. Worley v. Avanquest North America, Inc.*, No. C 12-04391, 2013 WL 6576732, at *5 (N.D. Cal. Dec. 13, 2013) ("it would be unfair to allow a party to use expert testimony as both a sword and shield").

## IV. PLAINTIFFS ARE SEEKING TO PREVENT CAPITAL ONE FROM HAVING AN UNFAIR ADVANTAGE IF THE MAGISTRATE'S RECOMMENDATION ON SANCTIONS IS OVERRULED

Capital One accuses Plaintiffs of using this motion to try to re-litigate Plaintiffs' Motion for Sanctions. Schnell Opp. at 18. Although this Motion refers to facts presented in the Motion for Sanctions, it has a different purpose. The Motion for Sanctions is concerned with fact discovery violations. This motion is concerned with the prejudice that occurs when a rebuttal expert leverages

his client's fact discovery violations (and separate violations of expert disclosure obligations) to fault an opposing party's expert for not identifying sufficient facts in the record. Plaintiffs do not want to run the risk of seeing the Court overrule the Magistrate's recommendation on sanctions and still face prejudice from Mr. Schnell's exploitation of Capital One's untimely and incomplete productions. This is not a situation where a *Daubert* motion is being used as a substitute for a motion on fact discovery disputes; this is a situation where a party is illustrating the broader stakes of the fact discovery stakes.

## V. CAPITAL ONE'S OPPOSITION DEMONSTRATES HOW SCHNELL'S OPINION ON HASHING IS INFECTED BY HIS UNDISCLOSED KNOWLEDGE ABOUT META'S DATA PRACTICES

Capital One tries to deflect attention away from Mr. Schnell's simplistic understanding of hashing by asserting that his primary opinion is [redacted] The first problem with this assertion is that this specific opinion of Mr. Schnell is not admissible unless he has demonstrated expert knowledge of hashing. As discussed in Plaintiffs' Motion, Mr. Schnell has failed to make that showing. The second problem is that Mr. Schnell is offering opinions about what Meta does with hashed data while concealing his own knowledge about Meta's data practices that he has obtained from past cases. *See* Schnell Rep. ¶ 148 (opining that unhashing data "[redacted] (previously attached as Ex. A to Pl's Motion to Exclude Schnell). As discussed above, this kind of gamesmanship and violation of the Federal Rules is entirely inappropriate.

## VI. CAPITAL ONE'S REFERENCES TO THE TESTIMONY OF PLAINTIFF'S EXPERT ERIC KRAUSE ARE PROCEDURALLY INAPPROPRIATE AND FACTUALLY DISTINGUISHABLE

Capital One tries to suggest that Mr. Schnell's refusal to disclosure the bases for his opinions is substantively identical to a refusal by Plaintiffs' expert Eric Krause to share confidential information during his deposition. As a procedural matter, this *tu quoque* argument was not presented in Capital One's own Motion to Exclude Mr. Krause and has therefore been waived. *See In re Rail Freight Surcharge Antitrust Litig.*, MDL No. 1869, 2013 WL 12384733, at *6 (D.D.C. Nov. 12, 2013)

("plaintiffs attempt to make some hat of the allegation that 'Defendant's own experts failed to comply with the sweeping disclosure obligations they now seek to impose on Mr. Crowley' . . . . If plaintiffs believed that defendants' experts must disclose additional information under Rule 26, plaintiffs should have filed a cross-motion to compel.")

But even setting that obvious problem aside, Mr. Krause's situation is easily distinguished from that of Mr. Schnell. First, there was never any suggestion by either Mr. Krause or Capital One of any overlap between the parties or third-parties in that previous case and the parties or third-parties in this case. Second, there was never any suggestion that Mr. Krause had obtained some form of non-public information in that prior case that might support or undermine his opinions in this case. Third, although Mr. Krause refused to testify as to the precise amount of restitution damages he calculated in that prior case, he did provide some testimony about his methodology in that case:

> Q In the St. Luke's case that you just discussed, was the nature of the restitution damages the same type of restitution damages at issue in this case; namely, the cost of purchasing data-deletion services, or was there a different approach?
>
> A No; it was generally the same, but there were unique elements that impacted the actual costs.

*See* attached Ex. F, Krause Dep. at 285:24 to 286:7. As demonstrated by the existence of Capital One's Motion to Exclude Mr. Krause, *see* D.E. 223, Capital One was obviously looking for ways to exclude his opinions. However, given the lack of overlapping parties and Mr. Krause's willingness to provide some testimony about his methodology in the previous case, Capital One had no basis to complaint about his refusal to provide the exact amount of damages that he calculated in his previous opinion. Conversely, if the extent of Mr. Schnell's non-public information was limited to companies that have no bearing on this litigation, Plaintiffs would not be arguing against Mr. Schnell's reliance on protective orders as a complete barrier to testimony.

## VII. CONCLUSION

For the reasons stated above and in their original Motion, Plaintiffs request that Mr. Schnell either be struck as an expert witness or be subject to appropriate limitations and additional questioning by Plaintiffs' counsel.

Dated: April 13, 2026

Respectfully submitted,

*/s/ Lynn A. Toops*

Natalie Lyons, No. 293026
Vess A. Miller, No. 278020
Lynn A. Toops (*pro hac vice*)
Lisa M. La Fornara (*pro hac vice*)
Emily D. Herrin (*pro hac vice*)
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
nlyons@cohenmalad.com
vmiller@cohenmalad.com
ltoops@cohenmalad.com
llafornara@cohenmalad.com
eherrin@cohenmalad.com

J. Gerard Stranch, IV (*pro hac vice*)
Kyle M. Mallinak (*pro hac vice*)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
gstranch@stranchlaw.com
kmallinak@stranchlaw.com

Lesley E. Weaver, No. 191305
Anne K. Davis, No. 267909
**STRANCH, JENNINGS & GARVEY, PLLC**
1111 Broadway, Suite 300
Oakland, California 94607
(341) 217-0550
lweaver@stranchlaw.com
adavis@stranchlaw.com

Samuel J. Strauss (*pro hac vice* forthcoming)
Brittany N. Resch (*pro hac vice*)
Andrew Gerald Gunem (*pro hac vice*)
**STRAUSS BORRELLI, PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
(872) 263-1100
sam@straussborrelli.com
bresch@straussborrelli.com
agunem@straussborrelli.com

*Counsel for Plaintiffs and the Proposed Classes*

**PROOF OF SERVICE**

I, Lynn A. Toops, hereby certify that on April 13, 2026, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record.

Dated: April 13, 2026

*/s/ Lynn A. Toops*
*Counsel for Plaintiffs and the Proposed Class*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I attest that each of the other Signatories have concurred in the filing of the document, which shall serve in lieu of their signatures on the document.

Dated: April 13, 2026

*/s/ Lynn A. Toops*
*Counsel for Plaintiffs and the Proposed Class*