UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY INGRAHAM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION,<br><br>Defendant. | Case No.  24-cv-05985-TLT<br><br>**QUESTIONS FOR THE HEARING**<br><br>Sealing -ECF 206 and ECF 270; MTD - ECF 219; Motion regarding expert witnesses - ECF 223, ECF 242, ECF 246, ECF 248, and ECF 250; Motion for class certification  - ECF 186; Motions related to sanctions ECF 226 |

On August 26, 2024, Plaintiffs filed a complaint with seventeen (17) causes of action.

On October 28, 2024, Defendant filed a motion to dismiss.  ECF 24.  After briefing and hearing oral arguments on the motion, on March 3, 2025, the Court issued a written order granting in part and denying in part Defendant's motion to dismiss.  ECF 59 ("March 3, 2025, Order").

The Court denied Defendant's motion to dismiss the following claims: negligence (Count 1); violation of the California Consumer Privacy Act ("CCPA") (Count 6); unjust enrichment (Count 9); declaratory judgement (Count 11); violation of the California Invasion of Privacy Act ("CIPA") (Count 13); violation of the Federal Wiretap Act, Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(1); violation of the ECPA, 18 U.S.C. § 2511(3)(a) (Counts 14 and 15).  *Id.* at 25.  Plaintiff's negligence per se claim, bailment claim and claim for violation of the Stored Communications Act were dismissed with prejudice.  *Id.* Plaintiff's remaining claims were dismissed with leave to amend, however, Plaintiff did not file an amended complaint.

Accordingly, only seven of Plaintiffs' original seventeen claims are at issue in this case. Defendant admits that the evidence shows two technologies transmitted their information before this lawsuit was filed: Adobe Analytics (both Plaintiffs) and Google Ads Data Hub (Ms. Williams).  ECF 252 at 5.

**I.    SEALING: IDENTIFY EXHIBIT NUMBER (10 MINUTES EACH SIDE)**

    A.    Recognizing that the interest in access to court proceedings is heightened when the litigation involves matters of public concern, discuss whether Defendant's interest in protecting proprietary business information should prevail over the public's interest in understanding and accessing this litigation?

    B.    What information (if any) that Defendant's seek to seal has already been discussed in earlier proceedings before this Court (such as, the hearing on Defendants first motion to dismiss on January 21, 2025)?

    C.    Discuss how, if at all, the scope of this litigation has expanded since the parties' last case management conference with this Court on October 16, 2025.

**II.    MOTION TO DISMISS (20 MINUTES EACH SIDE)**

    A.    The cases relied upon by the Court directed the Court that the intrusion at issue was not highly offensive as a matter of law, ECF 59 at 11; however, the following cases gave the Court pause because they are contrary to the Court's ruling in the first motion to Dismiss:

        a.    ***Popa v. Microsoft Corp.*, 153 F.4th 784, 792 (9th Cir. 2025) \*dicta\*** (the Ninth Circuit distinguished between technologies that transmit information regarding a user's habits on a website from "tracking software [that] could be offensive" such as software that tracks "sensitive medical or financial information")

        b.    ***Krzyzek v. OpenX Techs., Inc.*, No. 25-cv-05588, 2026 WL 206855, at \*4 (N.D. Cal. Jan. 27, 2026)** (finding "plaintiffs [had] adequately plead a 'highly offensive' intrusion of privacy that invades a reasonable internet user's expectation of privacy sufficient to establish standing" where the plaintiffs alleged tracking of "sensitive browsing activity, without plaintiffs' knowledge or consent," tracking of "cookies, IP addresses, hashed email addresses, HTTP headers that specify information such as type of browser, device and operating system information, location information, and other unique identifiers," and "plaintiffs' 'interests and even-sociopolitical views.'")

United States District Court
Northern District of California

    c. ***Gabrielli v. Haleon US Inc.*, 2025 WL 2494368, at \*6 (N.D. Cal. Aug. 29, 2025)** (where the technology at issue "permit[ted] the Third Parties to use cookies and other tracking technologies to collect, track, and compile users' Private Communications, including their . . . website interactions, user input data, demographic information, interests and preferences, shopping behaviors, device information, referring URLs, session information, user identifiers, and/or geolocation data," Judge Orrick concluded, "that Gabrielli's allegations that [Defendant] deprived him of control of personal information regarding his digital activity and profile are enough to show a concrete injury to his right to privacy and, subsequently, Article III standing.")

      i. Which cases should control (those identified in the Court's March 3, 2025 Order at page 11, or those identified above)?

      ii. Is the data Plaintiffs allege Defendant to have transmitted more or less sensitive than the information identified in the cases above?

      iii. Defendant claims that it uses the data that it collects from customers for three different purposes: (1) website analytics, (2) marketing analytics, and (3) advertising. ECF at 3–4. Is data used to "measure the effectiveness of Capital One's advertisements"[1] not also used for "advertising" purposes? What is the difference, if any? Is a marketing function a subset of advertising?

## III. EXPERTS & CLASS CERTIFICATION (20 MINUTES EACH SIDE)

### A. Nationwide class, California subclass, & Choice of Law

    a. Plaintiffs state that they "limit their nationwide classes to the federal ECPA claim" and that they "will pursue negligence and unjust enrichment only on behalf of the California subclasses" ECF 258 at 9.

      i. Is Plaintiff also limiting its California statutory claims (CIPA and CCPA) to the California subclasses?

---

[1] Defendant defines "marketing analytics" as a category of information used "to measure the effectiveness of Capital One's advertisements. ECF 219 at 1, 10.

United States District Court
Northern District of California

**B.  Predominance & Consent**

    a.  The consent inquiry focuses on "a user's subjective understanding of the terms of the relevant agreement" and accounts for "a broad set of materials." *Calhoun v. Google LLC*, 349 F.R.D. 588, 597 n.3 (N.D. Cal. 2025) (emphasis added) (denying certification on consent grounds); *see also In re Google Inc. Gmail Litigation,* 2014 WL 1102660, at *16 (N.D. Cal. Mar. 18, 2014) (denying class certification for putative class which included CIPA and ECPA claims because consent is an "intensely factual question" requiring "consideration of the circumstances" "to divine whether the party whose [data] was intercepted was on notice that the [data] would be intercepted.")

        i.  Can issues of consent be resolved uniformly and without individualized assessment of each putative class member's understanding of Capital One's disclosure policy? If so, how?

**C.  Damages**

    **a.**  Does Capital One place a monetary value on Plaintiffs' data? For example, does Capital One calculate the worth of one consumer's email?

## IV.  SANCTIONS (10 MINUTES EACH SIDE)

A.  Defendant argues that Plaintiff's original theory of liability does not encompasses transfers of data through server-to-server technology.  What should the Court make of paragraphs 42 and 43 of the Complaint?

Those paragraphs read:

> When an individual accesses a webpage containing online tracking technology from a Third Party, the trackers instantaneously and surreptitiously duplicate communications with that webpage and send them to the Third Party. **The information travels directly from both the user's browser and the webpage owner's server and then on to the Third Party's server, based off instructions from the Third Party's tracker**.

4

Compl. ¶ 42

> Third party trackers cause information to flow directly from the website user's browser **and the website owner's server to the Third Party itself**.

*Id.* ¶ 43

The parties may respond in writing *prior to the hearing* for any of the shorter questions above to preserve additional time for oral argument. Counsel must respond to all remaining questions contained herein during oral argument

IT IS SO ORDERED.

Dated: April 21, 2026

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California