United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY INGRAHAM, et al.,

Plaintiffs,

v.

CAPITAL ONE FINANCIAL CORPORATION,

Defendant.

Case No. 24-cv-05985-TLT

**ORDER ON MOTION FOR DE NOVO DETERMINATION OF MATTER REFERRED TO A MAGISTRATE JUDGE**

Re: Dkt. Nos. 181, 226, 227

Before the Court is Plaintiffs'[1] motion for de novo determination of a matter referred to a magistrate judge, ECF 226, and motion to augment the record, ECF 227.

Having considered the parties' briefs, the relevant legal authority, and for the reasons below, the Court **DENIES** Plaintiff's motions.

## I. BACKGROUND

On August 26, 2024, Plaintiffs filed a complaint and alleged the following: (1) negligence; (2) negligence per se; (3) invasion of privacy under the California Constitution; (4) violation of the Comprehensive Computer Data Access and Fraud Act ("CDAFA"); (5) violation of the Unfair Competition Law ("UCL"); (6) violation of the California Consumer Privacy Act ("CCPA"); (7) violation of the California Customer Records Act ("CRA"); (8) breach of express and implied contract; (9) unjust enrichment; (10) bailment; (11) declaratory judgment; (12) breach of confidence; (13) violation of the California Invasion of Privacy Act ("CIPA"); (14) violation of

[1] At the outset of this action, several individuals were named plaintiffs. Those plaintiffs asserted claims on a classwide basis. To date, several plaintiffs have been terminated from this action and class certification was denied. Only a singular Plaintiff, Ms. Williams, remains in this action. However, the Court will refer to plaintiffs in the plural form throughout this Order to accurately represent the procedural posture at the time this motion was filed.

the Federal Wiretap Act, Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(1); (15) violation of the ECPA, 18 U.S.C. § 2511(3)(a); (16) violation of Title II of the Electronic Communications Privacy Act ("Stored Communications Act"); and (17) violation of the Computer Fraud and Abuse Act ("CFAA"). ECF 1, Complaint ("Compl.") ¶¶ 214–421.

In their Complaint, Plaintiffs allege that Capital One takes information submitted by customers and provides that information to third parties using "invisible Third party online tracking technologies" that "instantaneously and surreptitiously duplicate[d] communications with that webpage and sen[t] them to the Third Party." Compl. ¶ 42. Plaintiffs allege that the information travels directly from both the user's browser and the webpage owner's server and then on to the Third Party's server, based off instructions from the Third Party's tracker. *Id.*

The information included customers': employment information; (2) bank account information; (3) citizenship and dual citizenship status; (4) credit card preapproval and eligibility; (5) credit card approval and eligibility; (6) existing user, or Customer, status; (7) browsing activities, including viewed pages and content; (8) credit card application status; and (9) other information collected through an internet "cookie." *Id.* ¶ 187.

Plaintiffs allege that their personal information was transmitted to third parties, including Meta Platforms, Inc. (Facebook), Google, LLC, Microsoft Corp., DoubleClick, NewRelic, Adobe, Everest, Skai/Kenshoo, Snowplow, BioCatch, Tealium, "and possibly others[.]" *Id.* ¶ 1.

By March 3, 2025, this Court had dismissed all but the following claims: negligence (Count 1); violation of the CCPA (Count 6); unjust enrichment (Count 9); declaratory judgement (Count 11); violation of the CIPA (Count 13); and violation of ECPA (Counts 14 and 15). ECF 59 at 25.

On January 9, 2026, Plaintiffs filed a motion for sanctions pursuant to Fed. R. Civ. P. 37(c)(1) and 16(f). ECF 181. The dispute began after Plaintiff issued thirteen written discovery requests related to transmission technologies. *Id.* Those requests first arose in a notice of deposition for Capitol One pursuant to Federal Rule of Civil Procedure 30(b)(6) on September 29, 2025. ECF 213 at 3. Before Judge Kim, the parties disputed the nature of the data transmitted through Skai FTP and Google UPDM and whether sanctions were warranted for Defendant's

alleged failure to produce additional, responsive documents in supplemented responses regarding those technologies. *Id.* at 9.

Plaintiffs requested that "[a]s sanctions, the Court should preclude Capital One from introducing counter-evidence or argument on the Skai FTP and Google UPDM technologies, including the information those technologies collect and share . . . [and] instruct the jury that Capital One wrongfully withheld information from Plaintiffs and the Court and award Plaintiffs their attorney's fees in bringing this motion." ECF 181 at 24–25. Defendant opposed the motion on January 23, 2026. ECF 193. Plaintiffs' reply in support of its motion was filed on January 30, 2026. ECF 198.

Magistrate Judge Sallie Kim held a hearing on the motion for sanctions on February 23, 206. ECF 207. Judge Kim's Report and Recommendation on the motion for sanctions was filed on February 27, 2026. ECF 213. Judge Kim recommends that the Court deny Plaintiffs' motion for sanctions after finding that Plaintiffs' Complaint was limited to the transmission of data directly from its website to third parties, that Plaintiffs failed to identify specific requests that Capital One was required to update its responses to, and that, because Plaintiffs were able to obtain information about the server-to-server technology and the specific transmissions made, Plaintiffs will not be prejudiced by the absence of sanctions. *Id.* at 12

Plaintiffs request that this Court grant their objections, reject Magistrate Judge Kim's Report and Recommendation and impose the sanctions requested by Plaintiffs in their motion. ECF 226 at 5.

## II. LEGAL STANDARD

"A magistrate judge's order denying sanctions is nondispositive." *Gjovik v. Apple Inc.*, No. 23-cv-04597, 2026 WL 249330, at *1 (N.D. Cal. Jan. 30, 2026) (citing 14 Moore's Fed. Prac. – Civ. § 72.02 (2026)). "Discovery is clearly a pretrial matter, and magistrates thus have general authority to order discovery sanctions." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (citation omitted); *JW Gaming Dev., LLC v. James*, 544 F. Supp. 3d 903, 925–26 (N.D. Cal. 2021) ("Absent some extraordinary circumstance not present here, discovery disputes are not dispositive."); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991)

(holding even discovery *sanctions* nondispositive); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation.").

"When a magistrate judge issues an order on a non-dispositive matter, the district judge in the case 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *Id*. (citing *De Leon v. Clorox Co.*, No. 19-mc-80296, 2021 WL 718840 at *3, (N.D. Cal. Feb. 24, 2021)). "In reviewing for clear error, the district judge may not simply substitute his or her judgment for that of the magistrate judge." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 984 (N.D. Cal. 2012). "Rather, a magistrate judge's non-dispositive ruling is clearly erroneous only when the district court is left with a 'definite and firm conviction that a mistake has been committed.'" *Id.* (citing *Burdick v. Comm'r Internal Rev. Serv.,* 979 F.2d 1369, 1370 (9th Cir.1992); *see also United States v. Abonce–Barrera,* 257 F.3d 959, 969 (9th Cir. 2001) (noting that a magistrate judge's decisions with regard to discovery disputes and other non-dispositive matters are entitled to great deference).

## III. DISCUSSION

Plaintiffs generally argue that this Court should reject Judge Kim's recommendation because, contrary to Judge Kim's findings, the Complaint does include allegations regarding server-to-server technology, that Capital One's discovery responses were inadequate, and that Judge Kim improperly faulted Plaintiffs for failing to move to compel for additional discovery. ECF 226 at 10. Defendant argues that Plaintiffs filings violate Local Rule 72-2, that Judge Kim rejected Plaintiffs' theories for sanctions on several, well-reasoned grounds that Plaintiffs have not shown cause for disturbing, and that Plaintiffs have not demonstrated that they have been prejudiced by Capital One's conduct. ECF 24

First, Civil Local Rule 72-2 provides that "[a]ny objection filed pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A) must be made as a 'Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge.'" Civil L.R. 72-2(a). Civil Local Rule 72-3 provides that "[a]ny objection filed pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(B) must be made as a 'Motion for De Novo Determination of Dispositive Matter Referred to Magistrate

Judge.'" Civil L.R. 72-3(a). In Plaintiffs' moving papers Plaintiffs claim their motion is made under Civil Local Rule 72-3(a). Yet, Plaintiffs do not demonstrate compelling reasons to deviate from the general proposition that discovery matters, even discovery sanctions disputes, are nondispositive pretrial matters. *Bhan*, 929 F.2d at 1414. Thus, where Civil Local Rule 72-2 applies, as it does here, "[a]ny motion filed pursuant to this rule may not exceed 5 pages." Civ L.R. 72-2(b). Plaintiffs' motion far exceeds this limit. However, the Court notes that Defendant filed an equally lengthy opposition and was thus given a full opportunity to address each of the issues raised in Plaintiffs motion.

Next, the Court recognizes, as the Court recognized in its May 22, 2026, Order on Defendant's Motion to Dismiss, that Plaintiffs' Complaint does include an allegation that data transmitted through server-to-server technology, in part, led to the harms alleged. ECF 304 at 9. However, this recognition does not provide grounds to reject Judge Kim's recommendation. Judge Kim also found that Plaintiffs were required to identify a specific interrogatory, show Capital One's response, and explain why the response was inadequate, but that Plaintiffs fell short. ECF 213 at 9. Judge Kim acknowledged that her own Rule 30(b)(6) orders were perhaps "not clear" and "led to understandable confusion" as to whether the deposition's scope "was expanded to include server-to-server technology." *Id.* at 11–12. However, Judge Kim found that, based on Plaintiffs filings, it was "not even clear how Capital One responded to the discovery requests at issue" and that Plaintiffs "[did] not explain how Capital One failed to provide what it promised to provide." *Id.* at 9. Judge Kim found it "impossible to tell whether Capital One agreed to produce documents and did not do so or whether Capital One failed to answer an interrogatory adequately after it promised to do so." *Id.* at 10. Her findings support the conclusion that Capital One did not violate Rule 26 or one of the court's discovery orders. *Valeo Schalter und Sensoren GmbH v. NVIDIA Corp.*, 2024 WL 3916101, at *2 (N.D. Cal. Aug. 23, 2024) ("The plain language of Rule 26(e)(1) makes clear that the trigger for supplementation is when a party learns that its prior production is 'incomplete' or 'inaccurate' 'in some material respect.'"); *Jones v. Travelers Cas. Ins. Co. of Am.*, 304 F.R.D. 677, 679 (N.D. Cal. 2015). The complexity of the discovery dispute underlying Plaintiffs sanction request is apparent. However, to reject Judge Kim's

recommendation, the Court must be left with a firm and definite conviction that find her findings are clearly erroneous or contrary to law. *Gjovik*, 2026 WL 249330, at *1. Her ultimate findings are neither. Plaintiffs argue that Judge Kim's error in not recognizing Plaintiffs' server-to-server allegations "infected the remainder of the R&R." ECF 256 at 6. However, Plaintiffs are required to make production requests sufficiently definite to put Capital One on notice as to what further documents need to be produced. *See* Fed. R. Civ. P. 34(b)(1) (requiring the requesting to party describe the items to be produced with "reasonable particularity"); *see also Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649-50 (10th Cir. 2008) ("Though what qualifies as 'reasonabl[y] particular' surely depends at least in part on the circumstances of each case, a discovery request should be sufficiently definite and limited in scope that it can be said 'to apprise a person of ordinary intelligence what documents are required and [to enable] the court ... to ascertain whether the requested documents have been produced.' ") (quoting Wright & Miller, 8A Federal Practice and Procedure § 2211, at 415). The filings are not clear with respect to Plaintiffs' production requests on this issue, nor was there clarity when the issue was before Judge Kim. As Judge Kim put it:

> Plaintiffs did move to compel once in a unilateral letter brief, but they did not identify specific discovery requests. (Dkt. No. 93.) Plaintiffs generally raised the server to server issues and Capital One's failure to provide responsive information about server to server technologies. (Dkt. No. 93.) At the hearing on that motion, Capital One indicated that it had updated its responses, and the undersigned denied the motion to compel without prejudice for Plaintiffs to renew their motion if the updated responses were not sufficient. (Dkt. No. 112.) Plaintiffs did not renew their motion to compel.

ECF 213 at 10 n.2.

Federal Rule of Civil Procedure 37(c)(1) authorizes courts to strike or exclude evidence or information that "a party fails to provide . . . as required" in its initial disclosures and discovery responses, "unless the failure was substantially justified or is harmless." The following factors are relevant when determining whether a violation of a discovery deadline is justified or harmless: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375

Fed. App'x 705, 713 (9th Cir. 2010).

From the record, it appears that Plaintiffs received the information they were requesting or, at least, had an opportunity to request further productions thereby curing the alleged inadequacies. Plaintiffs "obtain[ed] information about the server-to server technology and the specific transmissions made," and their "expert witness was able to supplement his report" to account for this information. ECF 213 at 12; *see also* ECF 256 at 10 (acknowledging that Defendant "produced scores of documents on at least some server-to-server technologies, permitted deposition testimony concerning the technologies, and had its own experts analyze the server-to-server technologies"); *see also* ECF 256 at 7 ("Capital One produced nothing on Skai FTP and Google UPDM until after discovery closed"); *Id.* at 18 ("Yes, Plaintiffs received the 12 filed. Yes, experts supplemented their reports."). Plaintiffs take issue with Capital One's supplementation arguing that the productions were "only a self-selected sliver of what exists." ECF 256 at 7. However, as discussed above, Plaintiffs had an opportunity to renew a motion to compel additional documents before Judge Kim but did not. The trial is set for April 26, 2027, and Plaintiffs will not be precluded from raising arguments about Capital One's server-to-server technologies. Judge Kim applied the correct legal standard and was not erroneous in concluding that, under these circumstances, Plaintiffs have not been prejudiced by the productions made by Capital One with respect to the Skai FTP and Google UPDM technologies. *Auto. Indus. Pension Tr. Fund v. Tractor Equip. Sales, Inc.*, 73 F. Supp. 3d 1173, 1182 (N.D. Cal. 2014) ("Nondisclosure is harmless if it does not prejudice the other party."). Judge Kim found that sanctions were not warranted for the reasons discussed above, and her findings are neither clearly erroneous nor contrary to law.

## IV. CONCLUSION

For the reasons stated above, recognizing that Plaintiffs' Complaint did include allegations based on server-to-server technologies, the Court finds that Judge Kim's Report and Recommendation is not clearly erroneous nor contrary to law. Plaintiffs' motion for review and rejection of Judge Kim's Report and Recommendation is **DENIED**.

The Court **ADOPTS** the recommendation in ECF 213 and declines to impose sanctions.

Plaintiffs' motion to augment the record is **DENIED** as moot.

The Further Case Management Conference set for 8/20/2026 at 2:00 PM - Videoconference is maintained. Joint Case Management Statement due by 8/13/2026.

This order resolves ECF 181, 226 and 227.

IT IS SO ORDERED.

Dated: July 9, 2026

TRINA L. THOMPSON
United States District Judge

9th Circuit Court of Appeals
26-04182

United States District Court
Northern District of California